## Richmond.

### WARING AND WIFE v. BOSHER'S ADM'R AND OTHERS.

#### MARCH 28, 1895.

1. WILLS—*Construction—Expressed Intent.*—The object in construing wills is to arrive at the true intent of the testator, but that intent is to be gathered from the language used; for the object of construction is not to ascertain the presumed or supposed, but the expressed intention of the testator; that is, the meaning, which the words of the will correctly interpreted, convey. A clearly expressed intention in one portion of a will is not to yield to a doubtful construction in another portion.

2. WILLS—*Construction—Inconsistent Clauses—General and Specific Provisions.* If two provisions of a will are inconsistent, the latter must prevail. And if there be inconsistency between a general and specific provision, the specific must prevail, no matter in what order they come.

3. WILLS—*Construction—Casē in Judgment.*—A testator, by the first clause of his will, devises real estate to a daughter; by the second clause, he devises to two other daughters certain real and personal property, and "all income from the ferry and all other sources during their lives;" by the fourth clause, he devises to his two sons certain real estate, and then provides that "the city and marine stocks I give to C. M. Bosher's two children, William and Gabriella Bosher, and George L. Bosher's daughter, Ella F. Bosher, the city stock to William and Gabriella, and the marine stock to Ella F. Bosher."

*Held:* The last clause vests in Ella F. an absolute interest in the marine stock from the time of the death of the testator.

Appeal from decrees of the Circuit Court of King William county, pronounced June 5, 1894, and October 2, 1894.

*Reversed.*

This was a suit in chancery instituted in the Circuit Court of King William county by Thomas F. Waring and Ella F.

his wife, who, before her marriage, was Ella F. Bosher, against the administrator, with the will annexed, of William Bosher, deceased, and others. The object of the suit was to have the will of William Bosher, deceased, construed, and to have delivered to the female complainant forty-five shares of stock of the Virginia Fire and Marine Insurance Company, charged to have been bequeathed to her by said will, and to recover the dividends paid on said stock since the death of the testator.

*Pollard & Sands*, for the appellants.

*Wm. R. Aylett*, for the appellees.

KEITH, P., delivered the opinion of the court.

The last will and testament of William Bosher, which was probated in the County Court of King William county, February 23, 1885, devises, by the first clause thereof, a tract of land to his daughter Martha Ann Dabney.

By the second clause he provides for his daughters Mary Jane Smoot and Margaret R. Bosher, by giving to them, or the survivor of them, the plantation on which he resided, with all his household and kitchen furniture, money on hand, horses, cows, and farming tools, and "all income from the ferry and all other sources during their lives, they to pay all my debts, and all claims either may have against me to be cancelled as paid."

"Third. At the death of my daughters, M. J. Smoot, and M. R. Bosher, I give to my daughter, Martha Ann Dabney, and Gabriella Scott and their children, the ferry and lots in Old Hanover town.

The fourth clause of the will is as follows: "I give unto my sons George L. Bosher, and Charles M. Bosher and

Thomas J. Bosher my house and lot in Richmond, they to have the bones of my children buried there to be removed to my family burying ground in King William county. I hold of T. J. Bosher notes and am security for him on two notes, if he pays them (his notes I give to him). The city and marine stocks I give to C. M. Bosher's two children William and Gabriella Bosher and George L. Bosher's daughter Ella F. Bosher, the city stock to William and Gabriella and the marine stock to Ella F. Bosher. If it is necessary for my daughters Mary J. Smoot and Margaret R. Bosher to have trustees, they will name them.''

By a codicil to his will he declares that ''all given to M. J. Smoot and Margaret R. Bosher I give in fee simple to do as they please with. (Signed) William Bosher;'' and as this codicil in no wise affects the question to be decided, it need not be again adverted to.

This bill was filed by Thomas L. Waring and Ella F., his wife, who was Ella F. Bosher. They complain that Thomas J. Bosher, administrator of William Bosher, deceased, has refused to pay over to Ella F. Waring the Virginia Fire and Marine stock bequeathed by the will, but that he has since the death of the testator paid over the annual dividends upon said stock to Mary Jane Smoot and Margaret R. Bosher, claiming that it was a part of the income of the testator's estate, and passed to them under the second clause of the will above referred to.

It seems that Mary Jane Smoot is dead, and that Margaret R. Bosher is a lunatic.

The case was duly matured for hearing in the Circuit Court of King William county, and that court decided that the administrator's construction of the will was correct; that the income from this stock during the lifetime of Mary Jane Smoot and Margaret R. Bosher was payable to them, and that Mary Jane Smoot being dead, one-half of the stock was to be de-

livered to the plaintiffs, and the other half was to be held
under the control of the court in this cause to be delivered to
Ella F. Waring at the death of Margaret R. Bosher; that in
the meantime the dividends thereon were to be paid to the com-
mittee of Margaret R. Bosher. It also gave Ella F. Waring
a decree for so much of the dividends upon one-half of the
said stock as had accrued since the death of Mary J. Smoot,
which occurred on the 7th of September, 1886. From this
decree Waring and wife obtained an appeal and supersedeas
from one of the judges of this court.

The object of courts in construing wills is to arrive at the
true intent of the testator, but that intent is to be gathered
from the language used. "Conjecture," it has been said,
"cannot be permitted to usurp the place of judicial conclusion,
nor supply what the testator has failed sufficiently to indi-
cate." *Wooten* v. *Redd*, 12 Gratt. 206. "The intention
must be collected from the words of the will, for the object of
construction is not to ascertain the presumed or supposed, but
the expressed, intention of the testator, that is, the meaning,
which the words of the will, correctly interpreted, convey."
*Hatcher* v. *Hatcher*, 80 Va. 171. "A clearly expressed inten-
tion in one portion of the will is not to yield to a doubtful
construction in any other portion of the instrument." Red-
field on Wills, 434; Schouler on Wills, section 468.

Applying these universal canons of construction and inter-
pretation to the will in this case, and the question seems free
from all doubt. The second clause of the will, as we have
seen, after bequeathing to Mary Jane Smoot and Margaret
R. Bosher certain real and personal property, further declares,
"I give them all income from the ferry and all other sources
during their lives, they to pay all my debts. All claims
either may have against me to be cancelled as paid." And
just here it may be well to advert to a fact upon which the
counsel for appellees dwelt with great feeling and eloquence.

It appears that Margaret R. Bosher has been sorely afflicted; that she is a lunatic, and at present confined within one of the asylums of this State. Her counsel claim that her condition made her the peculiar object of the tenderness and provident care of her father, and this perhaps should have been so, but it does not appear upon the face of the will. There is nothing in the will from which it can be gathered that William Bosher felt to her any greater sense of duty, or any greater sentiment of affection, than that which he manifested to his daughter, Martha Ann Dabney, and to her children. Mary Jane Smoot, another daughter, whose name is coupled with that of Margaret R. Bosher in the same clause of the will, appears to have shared equally with her unfortunate sister the affection and bounty of their father. There is no term of endearment used with respect to any of them, but, as far as the affection and duty of the father can be gathered from the terms of the will, it seems to have been extended in equal measure to all of his children, and to the descendants of such as were dead. The claim that he gave to Mary J. Smoot and Margaret R. Bosher "all income from the ferry and other sources during their lives," (if the word "income" is to have the latitudinous construction, for which the counsel for appellees contends), proves too much. It would embrace as well the emoluments, profits, and returns derived from the subjects bequeathed to Mary Ann Dabney, George L. Bosher, Charles M. Bosher, and Thomas J. Bosher, as the dividends upon the city and marine stocks bequeathed to William and Gabriella Bosher, and the plaintiff, Ella F. Waring; but it nowhere appears that any claim has been asserted to the income or revenue derived from any of these sources, or that the administrator has felt himself bound to appropriate the rents of the house and lot bequeathed to him and his brothers, to the support of his unhappy sister. There can be no doubt that the natural construction of the language used in the bequest to

Ella F. Bosher of the marine stock vests in her an absolute interest from the time of the death of the testator. It has been done by clear, unambiguous, explicit words, and it is not to be controlled by the mere inferences and arguments derived from the language in a former part of the will. If two provisions in a will are inconsistent, the latter must prevail, and no matter in what order they may come, between a general and a specific provision, the specific must prevail. We have then a general gift of "all income from the ferry and all other sources during their lives" to Mary Jane Smoot and Margaret R. Bosher. We have the specific bequest of the city and marine stocks to William and Gabriella Bosher, and Ella F. Bosher; and, as though this language were not precise enough and positive enough to satisfy the testator, he goes on to make it more precise and more specific by providing that the city stock shall go to William and Gabriella, and the marine stock to Ella F. Bosher. Language so plain, precise, and unambiguous cannot be rendered more intelligible by any effort at interpretation.

We are of opinion that the Circuit Court erred in the construction which it placed upon the will of William Bosher, deceased, and that its decree should have been that the forty-five shares of the marine stock, in the bill and proceeding mentioned, should be transferred to the plaintiffs, who should also have recovered the dividends thereon since the death of the testator.

Reversed.