## Staunton.

MOORE & OTHERS v. POWELL & BRYAN, & OTHERS.

SEPTEMBER 27, 1897.

1. WILLS—*Construction of*—*Case at Bar*—*Election.*—A testator by his will declares "My daughters are to retain the old homestead so long as they are single and unmarried." At the time the will was written, and when the testator died, he owned a tract of land on which he resided with his family, and his wife owned as her maiden land an adjacent tract on which the family had resided twenty years previous thereto, the dwelling house on which had been destroyed. Neither tract was known by the designation of "the old homestead." The wife survived her husband twenty years and devised her tract of land, but it was subjected to her debts by her creditors.

Held: The testator intended to devise the track owned by him, and not that of his wife. Election, when available, must appear in clear terms on the face of the will, and cannot be shown by parol.

Appeal from a decree of the Circuit Court of Augusta county pronounced May 23, 1894, in a suit in chancery, wherein Powell & Bryan and others were the complainants, and appellants and others were the defendants.

*Reversed.*

The opinion states the case.

*Curry & Glenn* and *A. C. Braxton,* for the appellants.

*Patrick & Gordon,* for the appellees.

CARDWELL, J., delivered the opinion of the court.

This appeal involves a construction of the will of Archer M. Moore, late of the county of Augusta. It is as follows:

"I, A. M. Moore, of the county of Augusta and state of Virginia, do hereby make my last will and testament in the manner and form following, that is to say, I will and give all of my property, both real and personal, to my wife Mary for her natural life, for the benefit and support of my wife and children. Should my wife marry, then the aforesaid property is to go to my children; my daughters are to retain the old homestead so long as they are single and unmarried. My wife Mary is to use the property as she thinks best for the education and support of my children.

"In witness whereof I have hereunto set my hand and affixed my seal this 16th day of February, in the year of our Lord, one thousand and eight hundred and seventy.

(Signed)       ARCHER M. MOORE. (Seal.)"

The will was admitted to probate in Augusta County Court March 30, 1870.

It was agreed in the argument before this court that the testator owned no real estate at the date of his will or his death, except a tract of about 173 acres of land upon which he, with his family, resided when his will was written and at the time of his death, and that his wife, Mary, owned, as her maiden land, a tract of about 127 acres adjoining testator's land. . The sole question, therefore, is, to which of these tracts of land did the testator refer in the clause in his will—"my daughters are to retain the old homestead so long as they are single and unmarried"; to his own land, or that of his wife?

The commissioner to whom the cause was referred, in his report made December 2, 1893, after stating that the testator left surviving him eight children, of whom the appellants, Maria J. and Sallie S. Moore, are his only unmarried daughters, and that they claimed possession of the 173 acre tract under the will, and that it could not be sold or rented to pay

the debts of their co-devisees, says, in interpreting the words—
"the old homestead": "He (testator) and his family had form-
erly lived on an adjoining tract owned by Mrs. Moore, and
Keiser and wife contended that the reference was to said tract,
the testator imagining that he had a right to dispose of it.
The undersigned would think *that* the natural interpretation
of the words, but the dwelling on the old homestead proper
had disappeared at the date of the will, and it is not to be pre-
sumed that the testator meant to leave his unmarried daughters
land without a shelter."

But in a more recent report, which is confirmed by the de-
cree appealed from, the same commissioner recedes from the
position taken in his former report as to which tract of land
was meant, and, after stating that the facts of the case are these:
"Mrs. Mary E. Moore, wife of A. M. Moore, owned a tract of
land on which the family originally lived. The latter part of
Moore's life, however, was spent on land purchased by himself,
and there he made his will," he (the commissioner) concludes
that the words "the old homestead" referred to Mrs. Moore's
land, and not to testator's.

It is also admitted that Mrs. Moore lived about twenty
years after her husband's death, and disposed of her own land
by will, but it was after her death sold to pay her debts.

Even if there were any latent ambiguity in the will of the
testator, Moore, admitting of parol evidence to explain it, there
is no evidence in the record to sustain the finding of the com-
missioner in interpreting the will. In fact, the only evidence
returned with his report is the deposition of Mrs. Pattie E.
Keiser, a married daughter of the testator, and the only ques-
tion asked her in this connection, was: "What property did the
children of your father take under his will, what real estate?"
To which she replied: "They took the old homestead, that is
the house he lived in, his own property."

If it were not conceded by counsel for appellees that parol
evidence is not admissible to prove a case of election, and that

it must, if available, appear on the face of the will in clear terms, the rule is too well established to need citation of authority. It is equally as well settled that if the testator's expression will admit being restricted to property belonging to him, it will be inferred he meant not to dispose of that over which he had no disposing power. 2 Lomax Digest 18, and authorities cited.

The testator, Moore, had no disposing power over the land of his wife. The only interest he had in it ceased at his death, as he is presumed to have known, and there is not the slightest indication in the language employed in his will that he intended to dispose of his wife's land. Neither in the will nor in the meagre testimony in the record, is there an intimation that Mrs. Moore's land was universally known and described, or even spoken of, as "the old homestead," as was the case in *Penn., &c.,* v. *Guggenheimer, &c.,* 76 Va. 846, where the term "home place" was so universally used in describing a certain tract of land that the court held that this term used in the testator's will could not have referred to any other.

So to refer the words "old homestead" used in the will of A. M. Moore to the lands of Mrs. Moore would be to resort to conjecture, which is never permissible. As was said by Keith, P., in *Waring* v. *Bosher,* 91 Va. 289: "The object of courts in construing wills, is to arrive at the true intent of the testator, but that intent is to be gathered from the language used. Conjecture, it has been said, cannot be permitted to usurp the place of judicial conclusion, nor supply what the testator has failed sufficiently to indicate. The intention must be collected from the words of the will, for the object of construction is not to ascertain the presumed or supposed, but the expressed, intention of the testator; that is, the meaning which the words of the will, correctly interpreted, convey."

We are of opinion that the decree appealed from in this cause, in so far as it construes the words "the old homestead" in the will of Archer M. Moore, deceased, as referring to the

lands of his wife and not to the testator's own land upon which he resided when his will was written and at his death, sought to be subjected to the claims of appellees, is erroneous. It is therefore reversed and annulled, and the cause is remanded to the Circuit Court for such further proceedings herein as may appear proper in accordance with the views expressed in this opinion.

*Reversed.*