Statement.

# Richmond.

## BROWN v. GIBSON'S EXECUTOR.

November 21, 1907.

Absent, Cardwell, J.

1. WILLS—*Construction—Meaning of Words Used.*—Where the language of a will, taken as a whole, is clear and unambiguous, the safest mode of construction is to adhere to the words of the will. The true inquiry is, not what the testator intended to express, but what the words used do express.

2. WILLS—*Construction—Case in Judgment—Release of debt—Legatee not Indebted.*—A testatrix, by a codicil to her will, says: I direct that any note or notes, bond or bonds, or other evidences of indebtedness which may remain unpaid at the date of my death from the following named individuals, viz.: A, B, X, Y and Z, my executor shall cancel and surrender all such obligations to the obligors in full satisfaction and payment thereof. At the time of her death, the testatrix held the pecuniary obligations of all the persons named, for money loaned, except Z, her second cousin, who was the only one of them in any way related to her. At that time, Z was indebted to L for borrowed money, in the sum of $7,000, evidenced by bonds not then due, which were never owned by the testatrix and had never been her property. Z claimed that it was the duty of the executor to purchase these bonds and cancel and surrender them to her, for in this way only could she be benefited by the will.

   *Held:* Such was not the duty of the executor. The testatrix intended to forgive debts due to her at the date of her death. They might be incurred after the date of the will, but must be debts due to her and not to others. The words "cancel" and "surrender" in the connection in which they are used, would be inapplicable to debts due by Z to a third person.

Appeal from a decree of the Circuit Court of Augusta county. The bill in this case was filed by the executor of E. V. Gibson,

asking a construction of her will and the aid and advice of the court in the administration of her estate. Margaret Gibson Brown was one of the defendants in the cause, and from a decree adverse to her interest she appeals.

*Affirmed.*

The opinion states the case.

*A. C. Braxton* and *Taylor McCoy,* for the appellant.

*Kerr & Kerr,* for the appellee.

HARRISON, J., delivered the opinion of the court.

This appeal involves an interpretation of the second clause of the codicil to the will of Miss E. V. Gibson, deceased, which reads as follows:

"And I do also hereby revoke the devises and bequests contained in the fourth clause of my said will, and desire to completely cancel and annull all the provisions of said fourth clause of my said will; and in lieu thereof, I direct that any note or notes, bond or bonds, or other evidences of indebtedness, which may remain unpaid at the date of my death, from the following named individuals, viz.: Joseph M. Hogshead, N. D. McCormick, Wm. C. McKemy, George W. Jenkins, John A. Frenger, George W. Dice, Fanny Dice, Wm. H. Cochran, Charles D. Whitesell, R. P. McPheeters, H. J. Williams and Margaret Gibson Brown, my executor shall cancel and surrender all such obligations to the obligors in full satisfaction and payment thereof."

This codicil, as shown on its face, was in lieu of the fourth clause of the testatrix's will, which was in these words: "I direct that all notes, bonds or other evidences of indebtedness now due to me from any source whatsoever, and which may remain unpaid at the date of my death, either as to principal or

interest, my executor hereinafter named shall cancel and surrender to the obligors in full satisfaction and payment thereof."

It appears from the record that the testatrix, at the time of her death, held the obligations of all the persons named in the codicil, except the appellant, Margaret Gibson Brown, who was in no way indebted to her; and that all of such persons, except the appellant, who was a second cousin, were in no way related to the testatrix, but were merely borrowers of her money. It further appears that, at the time of the death of the testatrix, the appellant was indebted to Washington and Lee University in the principal sum of $7,250, which was secured on her farm near Salem, Va., and had been so indebted for several years prior to that date.

The contention of the appellant is that, by the terms of the codicil in question, it is the duty of the executor, not only to cancel and surrender such obligations of the parties named therein as belonged to the testatrix, but to acquire out of the moneys of her estate all the evidences of indebtedness of all of the parties named in the codicil, whether belonging to the testatrix or anyone else, and after acquiring such obligations, to then cancel and surrender them to the obligors therein; and that it is, therefore, the duty of the executor to acquire the outstanding obligations mentioned of the appellant to Washington and Lee University, and to cancel and deliver the same to her; it being insisted that, unless the testatrix intended to make the appellant the beneficiary of her bounty, the mention of her name in the codicil was meaningless and useless.

It appears that the testatrix did not, in her lifetime, acquire or hold as part of her estate the obligations due from the appellant to Washington and Lee University. Indeed, those obligations were not then due, and are not now due, and, therefore, cannot be acquired, cancelled and surrendered by the executor to the appellant. except by and with the consent of Washington and Lee University, and of any such consent there is no intimation of record.

The fourth clause of the will is very broad, and involved the cancellation and surrender by her executor, to the obligors therein, of all notes, bonds, or other evidences of debt, belonging to the testatrix, and remaining unpaid at the date of her death, from whosoever due. The codicil, which repealed the fourth clause, was evidently intended by the testatrix to withdraw this sweeping provision in favor of all of her debtors, and to limit such cancellation and surrender of indebtedness to those objects of her bounty specifically named in the codicil. The fourth clause of the will, in speaking of the debts to be cancelled and surrendered, uses the language, "indebtedness now due to me from any source whatsoever, and which may remain unpaid at my death." The codicil, in naming the debts to be cancelled and surrendered, omits the words "due to me," saying, "I direct that any note or notes, bond or bonds, or other evidences of indebtedness which may remain unpaid at the date of my death from the following named individuals," etc.

It is contended on behalf of the appellant that the omission from the codicil of the words "due to me," which had been used in the repealed fourth clause, shows that the testatrix intended to include in her benefaction, not merely such obligations as appellant might owe her at the time of her death, but all the indebtedness of appellant to whomsoever it might be due.

Reading the first part of the codicil alone, there might be some ground for this contention, unreasonable and unusual as it seems, but when the codicil relating to this subject is read as a whole, the ground for the contention disappears. The language of the codicil, taken as a whole, is, we think, clear and unambiguous. This being so, it is always the safest mode of construction to adhere to the words of the instrument. The true inquiry is, not what the testator intended to express, but what the words used do express. *Wooten* v. *Redd,* 12 Gratt. 196; *Burke* v. *Lee,* 76 Va. 386; *Waring* v. *Bosher,* 91 Va. 286, 21 S. E. 464.

By the terms of the codicil, the parties therein named are

given specific legacies of the obligations mentioned, and not merely general legacies of such portions of the testatrix's estate as would equal the amount of such obligations; and the executor is directed "to cancel and surrender all such obligations to the obligors in full satisfaction and payment thereof." The language, "my executor shall *cancel and surrender*" such obligations to the obligors, seems clearly to show that the purpose of the testatrix was to limit the provision to such obligors of the person named as were owing to the testatrix herself at the date of her death. The word "surrender" presupposes the possession or ownership of the thing to be surrendered. The testatrix neither possessed nor owned the Washington and Lee University bonds, and it cannot be held, with any reason, that she intended, by the use of the word "surrender," to make a gift of something she had no interest in, and had no power or control over. If it were legally possible for the testatrix to devise obligations which formed no part of her estate, yet, by giving the words she has used their ordinary and common meaning, no other conclusion can be reached but that it was her intention that her executor should cancel and surrender such obligations to the parties named in the codicil as were in the possession of the testatrix at the date of her death, and constituted part of her estate. Not only does the word "surrender" imply possession, but the word "cancel" excludes the idea of payment, cancellation being the forgiving and obliteration of a debt. It not only is in no sense a payment, but it is the very thing that makes the payment unnecessary and impossible. *Smith* v. *Yancey*, 81 Va. 88.

It was clearly contemplated by the testatrix that, not only the appellant, but others named in the codicil, might not be in debt to her at the date of her death, for she directs her executor to cancel and surrender such obligations of the parties named as *remained unpaid at the date of her death*. She may also have anticipated that new obligations, which did not exist at the date of the will, might exist, as part of her estate, at the

date of her death, her purpose being that, if any such new obligations of the parties named should come into existence before her death, they should be cancelled and surrendered like those already in existence were to be, if remaining unpaid. If, however, no such new obligations came into existence, the will contains no direction to her executor to create such obligations by acquisition or otherwise.

It may be, as contended, that the testatrix contemplated acquiring the Washington and Lee University bonds, and that such expectation caused her to name appellant in the codicil as one whose obligation was to be cancelled and surrendered, but the fact remains that she did not carry out any such purpose. It is not the province of the court to speculate on the intention of the testatrix in opposition to her plain and unambiguous language.   Such a course would only be productive of endless uncertainty and confusion.

For these reasons, the decree of the circuit court must be affirmed.

*Affirmed.*