## Staunton

MILLER & OTHERS V. BUCHANAN, EXECUTOR, & OTHERS.

September 9, 1912.

Absent, Buchanan, J.

1. WILLS—*Codicil—Construed Together.*—A will and a codicil thereto must be read and construed together in their entirety so as to give effect to both, as far as possible, but in case of irreconcilable conflict between them the codicil must prevail.

2. WILLS—*Construction—Codicil.*—A construction of a codicil, which leads to results which cannot be reconciled with the apparent intent of the testator, and also operates to nullify the codicil, is to be avoided, if possible. As a general rule, a codicil will be construed as operative upon some portion of the estate, even where its terms, literally interpreted, would be found to have no operation, but the codicil will be construed as consistent with the will where the discrepancy claimed is not obviously intended by the testator.

3. WILLS — *Specific Bequests — Residuum—Preference.*—Specific bequests and directions in a will are always to be favored as against the taker of the residuum.

4. WILLS—*Construction—Intention of Testator.*—The object of the interpretation of a will is to arrive, if possible, at the intention of the maker, and technical rules of construction must always be treated as subservient and subordinate to this object.

5. WILLS—*Codicil—Construction—Case in Judgment—Residuum.*—A testatrix, by her will, makes certain specific bequests and then directs that "all the rest and residue of" her estate shall be taken charge of by her executor, and out of it he shall pay two legacies of five hundred dollars each, "and the balance shall go equally to all my nephews and neices, share and share alike." By a codicil, made a year later, she directs her executor to "make the following disposition of my personal property, not disposed of by my will, above mentioned, and my household effects, as follows: I direct that any and all money and notes that I may have at my death, and also my household property, be turned over to my nephew, W. B. Clark, to whom I give the same forever, except the following items, which I direct him and my administrator to convey to the following persons." * * * It is conceded that when the codicil was

written the testatrix did not have her original will before her, and that the residuum to be divided under the will would have consisted of money, notes and household property—the same estate which is enumerated, and the disposition of which is directed in the codicil.

Held: The codicil is to be so construed as not to interfere with any specific bequests and directions mentioned in the will, but is to affect only the general residuum. The specific bequests made by the will are to stand, and the two pecuniary legacies of five hundred dollars each, mentioned therein, are to be paid, and the specific legacies given by the codicil are to be paid and delivered, and the general residuum passes under the codicil to W. B. Clark. The language, "my personal property, not disposed of by my will, above mentioned," used in the codicil, does not apply to the general residuum of the estate given by the codicil.

Appeal from a decree of the Corporation Court of the city of Bristol in a suit in chancery brought by an executor for the construction of the will of a testatrix as affected by the codicil thereto. From an adverse decree, the residuary legatees under the will appeal.

*Affirmed.*

The opinion states the case.

*White, Penn & Penn,* for the appellants.

*B. F. Buchanan* and *John P. Buchanan,* for the appellees.

HARRISON, J., delivered the opinion of the court.

This suit involves a construction of the last will and testament of Nancy H. Buchanan. The learned judge of the Corporation Court of the city of Bristol, to whose docket the cause was transferred from the Circuit Court of Smyth county, has filed, as part of the record, a written opinion which so fully and clearly discusses the law and facts, and so satisfactorily presents the views entertained by this court as to the proper construction of the will in question that we cannot do better than adopt the same as

an entirely sufficient disposition of the present contro-versy.

"On the 22d day of July, 1908, Mrs. Nancy H. Buchanan made her will, in which she directed the disposition of all her real and personal estate. The provisions of the will affecting the personalty are as follows:

" '6. I devise and bequeath to James C. & Thomas W. Buchanan, the balance due me, as shown. by settlement made between us by F. Grundy Buchanan, and stated in an account book in my possession.

" '7. I give and devise to Rees H. Buchanan all the notes and debts due by him to Thomas M. Buchanan and which have recently been assigned to me by said Thomas M. Buchanan.

" '8. All the rest and residue of my said estate, which I shall not dispose of by gift, during my life, and I expect to dispose of most of my household furniture in this way, I direct shall be taken into custody by my executor and out of same shall pay first to Thomas Raymond Buchanan and Nancy Buchanan, children of Thos. W. Buchanan, Five Hundred Dollars each, and the balance shall go equally to all my nephews and nieces, share and share alike.'

"On. the 12th day of August, 1909, Mrs. Buchanan executed the following codicil:

" 'I, Nancy Buchanan, on this the 12th day of August, 1909, do hereby direct that my administrator appointed in my will, made about one year ago, make the following dis-position of my personal property, not disposed of by my will above mentioned, and my household effects as fol-lows:

" '1. I direct that any and all money and notes that I may have at my death, and also my household property be turned over to my nephew, W. B. Clark, to whom I give

the same forever, except the following items, which I direct him and my administrator to convey to the following persons:

" '1 bureau to my niece, Nannie B. Clark; 1 side-board with glass top to W. H. Buchanan; 1 yellow pitcher and one bureau to J. D. Buchanan; one candle stand and large dish to B. F. Buchanan.

" 'Remembering a promise made when R. W. Buchanan was born, and who was named for my father, I direct that the sum of Fifty Dollars be given him for the colt I promised to give him.

" 'Witness my name and signature this the 12 day of Aug., 1909.

" '(Signed)    NANCY H. BUCHANAN.'

" 'We, the undersigned, have in the presence of the testator, Nancy H. Buchanan, on this day, Aug. 12, 1909, witnessed the above signature, which she has declared to us to be the disposition of her personal and household property.

" '(Signed)    J. B. BITTINGER,
                    MARY E. PAINTER.'

"It appears from an agreement of facts filed with the record that when the codicil was written the testatrix did not have before her the original will, and that the money, notes, household and other property referred to in the codicil were worth at least $10,000, and constituted the whole of the personal property of the testatrix.

"The executor brought this suit for a construction of the will as affected by the codicil, and the real contest in the case arises between the nephews and nieces mentioned in the residuary clause and W. B. Clark, the chief beneficiary named in the codicil. This contest raises a question of construction of more than ordinary interest, and the respective claims of these contestants have been presented

with marked force and clearness by counsel, both orally and in the briefs. If, however, we bear in mind that the object of the interpretation of a will is to arrive, if possible, at the intention of the maker, and that technical rules of construction must always be treated as subservient and subordinate to this object, I do not think the question here presented will be found very difficult of solution.

"Under the will as originally written, the specific personal estate mentioned in clauses 6 and 7 would have gone to James C. and Thomas W. Buchanan and to Rees H. Buchanan, respectively. Then, under clause 8, $500 each would have first been paid to Thomas Raymond Buchanan and Nancy Buchanan, and the residue of the personalty would have gone to all the nephews and nieces, share and share alike. The *residuum* thus to be divided would have consisted, as appears from the agreed facts, of money, notes and household property—the same estate which is enumerated and the disposition of which is directed in the codicil. There is no room to doubt that Mrs. Buchanan intended to give this estate to her nephews and nieces when the will was written, but it is equally free from doubt that she intended to give it to W. B. Clark when the codicil was written. The language, 'I direct that any and all money and notes that I may have at my death and also my household property, be turned over to my nephew, W. B. Clark, to whom I give the same forever,' is emphatic and significant. These words, when taken with the exceptions mentioned in the codicil, clearly indicate that the testatrix intended to give to W. B. Clark a very substantial interest in the personal estate. This, I think, in view of the admitted value and character of the personal estate, is the first and natural impression to be obtained from a reading of the will and codicil, and this impression is intensified on closer consideration. The clear result is an

irreconcilable conflict between the residuary clause and the codicil, and the provisions of the codicil must prevail. 3 Min. Inst. 549; *Bosley* v. *Bosley,* 14 How. (U. S.) 390, 14 L. Ed. 468; *Gordon* v. *Whitlock,* 92 Va. 729, 24 S. E. 342.

"Nor do I think the conclusion here reached is affected by the words, 'not disposed of in my will,' which appear in the introduction to the codicil. The two instruments must be read and construed together in their entirety, and so as to give effect, as far as possible, to both, *ut res magis valeat quam pereat.* 2 Min. Inst. (4th ed.), p. 1057; 30 A. & E. Enc. 663-665.

"The words above quoted from the codicil, taken literally, sustain the contention of the residuary legatees, for the will undoubtedly disposed of the very same property which W. B. Clark now claims under the codicil, but this literal interpretation leads to results which cannot be reconciled with the apparent intent of the testatrix. It leads also to the entire nullification of the codicil. Both of these results are at variance with elementary rules of construction.

" 'As a general thing, a codicil will be construed as operative upon some portions of the estate, even where its terms, literally interpreted, would be found to have no operation, but, as we have before said, the codicil will be construed as being consistent with the will where the discrepancy claimed is not obviously intended by the testator.' 1 Redfield on Wills, p. 360.

"Applying the rule quoted from Redfield above, which is abundantly supported by the authorities, and which seems to me to embody in succinct form the rules of construction applicable to this case, I am of opinion that, under a correct interpretation of this will and codicil, the executor should follow in his administration of the estate the directions in clauses 6 and 7 of the will, should next pay to

Thomas Raymond Buchanan and Nancy Buchanan $500
each, and then, after disposing of the specific articles of
household use mentioned in the exceptions in the codicil
and paying to R. W. Buchanan the sum of $50, as therein
directed, he should account to W. B. Clark for the balance
of any notes and money and household property belonging
to the testatrix at her death. In other words, the codicil
should be construed so as not to interfere with any specific
bequests and directions of the testatrix mentioned in the
will, but should only affect the general *residuum.* This
construction avoids, on the one hand, a too literal inter-
pretation of the words, 'not disposed of by my will,' which,
as we have seen, would lead to a wholly inconsistent con-
clusion, and one that varies with the manifest general
intent of the testatrix at the time the codicil was written.
It would also, on the other hand, give effect to the specific
bequests and directions in the will, which are always to be
favored as against the taker of the residue. *Waring* v.
*Bosher,* 91 Va. 291, 21 S. E. 464.

"I do not overlook the rule of construction which is
earnestly invoked on behalf of the residuary legatees under
the original will, 'that a clear gift is not to be cut down
by any subsequent provision unless the latter is equally
clear,' and that where a gift has been clearly made in a
will the provision making the gift will not be revoked by a
codicil where there is any doubt as to the intention to
revoke it. The case at bar, I think, does not fall within
the influence of this rule, but is governed by the converse
of it. The rule does apply far enough to cover the specific
bequests in the 6th, 7th and 8th clauses, because the lan-
guage of the codicil is not sufficient to clearly give to
W. B. Clark, as the residuary general legatee, the personal
estate previously directed in the will to be applied to these
specific bequests (*Waring* v. *Bosher, supra*) ; and by giving
effect to these specific bequests in the will, we have some-

thing for the words, 'not disposed of,' to operate upon, and we also give some effect to the codicil. But as to the *general residuum,* while there was a manifest general intent on the part of the testatrix, at the time of making the original will, to give it to the nephews and nieces, there was also, at the time of the making of the codicil, an equally manifest general intent to give it to W. B. Clark. There is no way by which to reconcile these two general intents, and the later one, therefore, must prevail. *Dawson* v. *Dawson,* 10 Leigh (37 Va.) 635, and authorities cited *supra.*

"I have purposely omitted, up to this point, any reference to the case of *Earl of Hardwicke* v. *Douglas,* 7 Clark & Finnelly 795, in which the majority opinion supports the construction which I have adopted in the case at bar. It is the only decision to which I have been referred, and the only one which I have found dealing directly with a conflict similar to the one involved here between the will and the codicil. It is not necessary to rest the decision in this case upon the authority of the decision just mentioned, but I think it, nevertheless, is strong authority for the conclusion here reached. Counsel for the residuary legatees under the original will seeks to distinguish the decision in question from the case at bar for the reason that the testator in the former case, unlike the testatrix in the latter, had the original will before him at the time the codicil was prepared. This distinction is worthy of consideration; but I do not think it is entitled to as much weight as is claimed for it by counsel. The agreed facts show that the estate mentioned in the codicil was very valuable. The will had been written only about a year before the codicil was prepared. It hardly seems reasonable to conclude that the testatrix would have forgotten in so short a time the disposition previously made of so large a personal estate.

"The agreement of facts is not entirely clear as to the value of this estate. It might be construed to refer to the value of the entire personal estate, including the specific bequests. Inasmuch, however, as counsel for the nephews and nieces stated in argument that the purpose of fixing the value was to show the jurisdictional amount necessary on appeal, I assume that the third paragraph in the agreement refers to the general *residuum.* But in any event, regardless of the question of value, the fact that the testatrix enumerates in the codicil the same property which she had formerly directed to be differently applied, raises, as we have already seen, a plain and irreconcilable conflict between the codicil and the residuary clause in the will. In the face of this conflict, there is no other legal course open than to give the general *residuum* of the estate to W. B. Clark."

The decree complained of, which carries into effect the conclusion reached in the foregoing opinion, must be affirmed.

*Affirmed.*