CLARENCE D. HESTER, JR. v. HANES KNITWEAR AND EMPLOYMENT SECURITY COMMISSION OF NORTH CAROLINA

No. 8217SC474

(Filed 19 April 1983)

**Master and Servant § 108.1—** **unemployment compensation—use of drugs on employer's property—supporting evidence—discharge for misconduct**

       A finding by the Employment Security Commission that claimant was discharged from his employment for using drugs on company property was supported by the testimony of an undercover agent that he observed claimant smoking marijuana on the job and that his belief that claimant was smoking a marijuana cigarette was based upon his prior experience and training in drug and alcohol enforcement. Furthermore, such finding supported the Commission's conclusion that claimant was discharged for "misconduct connected with

his work" pursuant to G.S. 96-14(2) and was disqualified for unemployment benefits.

APPEAL by defendants from *Lamm, Judge.* Order entered 18 December 1981 in Superior Court, STOKES County. Heard in the Court of Appeals 15 March 1983.

This case involves a claim filed by appellee Hester for unemployment benefits under the Employment Security Law after he was terminated on 13 August 1980 by his employer, appellant Hanes Knitwear (hereafter "Hanes"). A claims adjudicator of the Employment Security Commission initially ruled that Hester was eligible to receive benefits. Upon appeal, a hearing was held on 29 October 1980 before an appeals referee who reversed the initial eligibility determination and ruled that Hester had been discharged for using illegal drugs on company property, which was misconduct in connection with his work within the meaning of G.S. 96-14(2). Hester was therefore disqualified for benefits under the Employment Security Law. This decision was affirmed by the full Commission on 8 April 1981.

Hester appealed the Commission's decision to Superior Court of Stokes County. On 18 December 1981, after a hearing, Judge Lamm reversed the Commission's decision and ordered that Hester be determined eligible for unemployment benefits under the Law. Hanes and the Employment Security Commission appeal from entry of this order.

*Legal Aid Society of Northwest North Carolina, Inc., by Gwyneth B. Davis for claimant appellee.*

*Ogletree, Deakins, Nash, Smoak and Stewart by W. Britton Smith, Jr., for appellant Hanes Corporation.*

*Chief Counsel T. S. Whitaker and Deputy Chief Counsel V. Henry Gransee, Jr., for appellant Employment Security Commission.*

BRASWELL, Judge.

The sole issue presented on appeal is whether the court erred in its order reversing the Commission's decision. In its order the court found as a fact that "The only evidence on the record of claimant's alleged use of drugs on company property

were conclusory allegations by an undercover agent, which lacked any basis for the conclusions drawn by the witness." Judge Lamm concluded as a matter of law:

"2. Finding of fact number 2 of the Employment Security Commission's decision, Docket No. 81(C)0871 [that 'Claimant was discharged from this job for using illegal drugs on company property in violation of state drug laws and company policy'], as adopted from the Appeals Referee finding of fact, was not based upon competent evidence contained in the record, and is therefore not binding upon this Court.

3. The Employment Security Commission did not properly apply the law to the facts in its final decision of April 8, 1981, in that the record and the evidence contained therein, do not support the Employment Security Commission's decision that claimant is disqualified for unemployment benefits due to misconduct in connection with his work, pursuant to N.C.G.S. Sections 96-14(2)."

In reviewing decisions of the Employment Security Commission, the Superior Court's jurisdiction is based upon G.S. 96-15(i) (1975), which provides in pertinent part that:

"The decision of the Commission shall be final, subject to appeal . . . to the superior court of the county of his residence. . . . In any judicial proceeding under this section the findings of the Commission as to the facts, if there is evidence to support it, and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law. . . ."

The Superior Court functions as an appellate court and must determine: "(1) . . . whether there was evidence before the Commission to support its findings of fact; and (2) . . . whether the facts found sustain the conclusions of law and the resultant decision of the Commission." *Employment Security Com. v. Jarrell,* 231 N.C. 381, 384, 57 S.E. 2d 403, 405 (1950); *In re Enoch,* 36 N.C. App. 255, 243 S.E. 2d 388 (1978).

In this case, the Superior Court found that the evidence did not support the Commission's finding that claimant was discharged for using illegal drugs on company property. Judge Lamm found as a fact that the only evidence of defendant's al-

leged use of drugs consisted of conclusory allegations by DeVane, the undercover agent. The court believed that the evidence showed no basis for the conclusions drawn by DeVane.

At the hearing before the appeals referee on 29 October 1980, DeVane testified that he was a private investigator for the Pinkerton Agency and had been hired by Hanes to work undercover to discover whether any employees were using drugs or alcohol on the job. DeVane had previous experience working undercover in controlled liquor violations and marijuana violations for the Fayetteville and Clinton ABC Boards. He worked three or four months for Hanes in the investigation. He knew claimant and identified him at the hearing. DeVane testified concerning his observance of claimant using marijuana as follows:

"Q. Alright did you ever observe Mr. Hester using drugs or alcohol on company time on the premises at Hanes Knitwear?

A. Yes sir.

\*     \*     \*     \*

Q. Did you observe him [claimant] smoking marijuana?

A. Yes sir I did.

Q. Did you report that to the company?

A. Yes sir, it was in turn mailed into my Charlotte Office.

Q. Are you familiar with marijuana?

A. Yes sir.

Q. Did your prior experience with the ABC make you, give you information upon which you could rely to know that associates with marijuana?

A. Yes sir.

Q. Is there any question in your mind that marijuana was being smoked by Mr. Hester and the other employees?

---

---

A. There's no doubt in my mind that they weren't smoking marijuana, sir."[1]

Although claimant presented evidence tending to show that he had worked for Hanes for ten years, that he did not smoke or drink and had never smoked marijuana at his place of employment, DeVane testified that he had observed claimant smoking marijuana on the job. Claimant argues that DeVane's evidence was incompetent in that there were no corroborating witnesses, the testimony was an opinion on the ultimate issue to be decided by the trier of fact and DeVane's conclusion that claimant was smoking marijuana was unsubstantiated by any details as to DeVane's experience which enabled him to recognize marijuana or by any details on the facts surrounding claimant's alleged use of marijuana. We find no merit to claimant's argument and hold that the court erred in its finding and conclusion that the Commission's finding of misconduct was not based upon competent evidence.

We think there can be no doubt that the use of marijuana on company property during working hours in violation of the employer's rules constitutes "misconduct connected with his work" pursuant to G.S. 96-14(2). At the hearing DeVane stated several times that he had seen claimant smoking marijuana on Hanes' property during working hours. An observer is qualified to testify about an incident because he has firsthand knowledge of what occurred. McCormick, *Law of Evidence*, § 13 (2d ed. 1972). Although DeVane was not found by the referee to be an expert witness, his belief that what claimant was smoking was a marijuana cigarette was clearly based upon his prior experience and training in drug and alcohol enforcement. While it may be true, as claimant argues in his brief, that DeVane's testimony concerning the drug use by claimant was primarily in response to leading questions posed by Hanes' attorney and that his description of the occasion when he observed claimant was unclear at times, these weaknesses are not fatal to the employer's case. The Employment Security Law authorizes the Commission to establish its own methods of procedure and conduct of hearings. G.S.

---

1. In the context of DeVane's testimony, it seems clear that by this ambiguous statement he meant that he had no doubt that the employees were smoking marijuana.

96-4(a) and (p). G.S. 96-4(p) provides in part that "The Commission shall not be bound by common-law or statutory rules of evidence or by technical formal rules of procedure but shall conduct hearings in such manner as to ascertain the substantial rights of the parties." *See* Hanft, *Some Aspects of Evidence in Adjudications by Administrative Agencies in North Carolina*, 49 N.C.L. Rev. 635, 653-55 (1971).

We hold that there was competent evidence presented by DeVane's firsthand observation of claimant's misconduct sufficient to support the Commission's finding that claimant was discharged for using drugs on company property. Therefore, pursuant to G.S. 96-15(i), the Commission's findings are conclusive, and it was error for the Superior Court to reverse the decision of the Commission. *See In re Cantrell*, 44 N.C. App. 718, 263 S.E. 2d 1 (1980). The Superior Court cannot consider the evidence for the purpose of finding the facts for itself. *Employment Security Comm. v. Young Men's Shop*, 32 N.C. App. 23, 231 S.E. 2d 157, *disc. rev. denied*, 292 N.C. 264, 233 S.E. 2d 396 (1977).

We reverse the judgment of the Superior Court and remand the cause to the Superior Court of Stokes County for an order reinstating the order of the Employment Security Commission disqualifying claimant from receiving unemployment insurance benefits.

Reversed and remanded.

Judges HEDRICK and WHICHARD concur.