NANCY C. BOWLES

v.

WILSON H. KINSEY, ET AL.

Record No. 921720

September 17, 1993

Present: All the Justices

*Charles E. Ayers, Jr. (Cynthia A. Muncie; Ayers & Stolte,* on briefs), for appellants.
*Hampton W. Thomas* for appellees.

JUSTICE KEENAN delivered the opinion of the Court.

In this will construction case, we consider whether the trial court erred in construing the term "personal property" to include only tangible personal property.

Wilson H. Kinsey and Joyce S. Kinsey (the trustees), co-executors and co-trustees of the estate of Clara S. Cromer (the testatrix), filed a bill of complaint to construe the testatrix's will. At issue in the will, which was drafted by an attorney, are two provisions relating to the disposition of the testatrix's personal property. The first provision, in Article IV, states: "I hereby give, devise and bequeath all my personal property to my daughter, Nancy C. Bowles."

The second provision, appearing in Article V, states:

All the rest and residue of my property, real, personal or mixed, wheresoever situate, of which I may die seized or possessed or to which I may be entitled at the time of my death, I give, devise and bequeath to . . . Wilson Henry Kinsey and Joyce S. Kinsey, or the survivor of them, IN TRUST, as Trustee, to be held, administered and disposed of as hereinafter provided.

(a) The Trustee shall pay to my daughter, Nancy C. Bowles, until she attains the age of 60 years, or apply for her benefit, so much of the income and principal as the Trustee from time to time determines to be required for the support and maintenance of my daughter taking into consideration, however, other means of support and income from all other sources known to the Trustee.

(b) When my daughter attains the age of 60 years, the then remaining trust assets, if any, including principal and interest,

shall be divided into three equal shares. My daughter shall be entitled to request and receive, outright and free of trust, one share upon her attaining the age of 60 years, one share upon attaining the age of 62 years and the remaining share upon attaining the age of 65 years. Each share not disbursed shall continue to be held in trust as herein set forth.

The testatrix's estate consists of both tangible and intangible personal property, as well as certain real property improved by a dwelling. The trial court ruled that the term ''personal property'' in Article IV referred only to the testatrix's tangible personal property. The trial court stated:

How else can the residual trust produce interest? How else can the remaining . . . corpus of the Trust be divided into thirds upon the Daughters attaining the age of 60?. . . . It is my opinion that the Testatrix immediately and directly g[a]ve her tangible personal property to her Daughter and her real, mixed, and intangible personal property were placed in trust by the Will . . . .

Bowles has appealed the trial court's judgment.

Bowles argues that the trial court erred in failing to hold that, as a specific bequest, the provisions of Article IV control over any conflict in the residuary provisions of Article V. Bowles emphasizes that this instrument is not a holographic will and asserts that, if the testatrix had intended to restrict Article IV to ''tangible'' personal property, she simply could have instructed her attorney to make this distinction. Finally, Bowles contends that this Court may give full meaning to the term ''personal property'' in Article IV without defeating the trust established in Article V.

In response, the trustees argue that the trial court's construction was correct, citing *LeRoy v. Kirk*, 277 A.2d 611 (Md. 1971), in which the Maryland Court of Appeals construed the term ''personal property'' in a specific bequest to include only tangible property, in order to give effect to another specific bequest and the residuary clause of the will. *Id.* at 615. We disagree with the trustees.

■ The paramount rule of will construction is that the intention of the testator controls, unless such intent is contrary to an established principle of law. *Thomas v. Copenhaver*, 235 Va. 124, 128, 365 S.E.2d 760, 763 (1988); *Powell v. Holland*, 224 Va. 609, 615, 299

S.E.2d 509, 512 (1983). In ascertaining the testator's intent, "a court must examine the will as a whole and give effect, so far as possible, to all its parts." *Thomas*, 235 Va. at 128, 365 S.E.2d at 763.

■ In the present case, the terms of the will indicate that the testatrix intended Bowles to receive full title to some of her property immediately, while leaving a residual amount of property in an income-producing trust until Bowles attained certain specified ages. Since the term "personal property" is a technical term, the testatrix generally is presumed to have used that term in its technical sense. *See Tiffany v. Thomas*, 168 Va. 31, 36, 190 S.E. 101, 103 (1937).

In Article IV, the testatrix disposed of "all my personal property." Personal property includes both tangible and intangible forms of property. *Black's Law Dictionary* 1217 (6th ed. 1990). If the testatrix had intended to limit the specific bequest in Article IV to only her tangible personal property, she could have directed her attorney to effectuate that result. Further, we hold that the ruling in *LeRoy* is inapplicable to the present case because there are no conflicting specific bequests in the testatrix's will.

■ A specific bequest must prevail over a residual bequest. *Pitman v. Rutledge*, 198 Va. 567, 573, 95 S.E.2d 153, 157 (1956); *Miller v. Buchanan*, 114 Va. 76, 82, 75 S.E. 773, 775 (1912); *Waring v. Bosher*, 91 Va. 286, 291, 21 S.E. 464, 466 (1895). This principle is not altered by the fact that both bequests are to the same person. Thus, even though Article V also contains a reference to personal property, that reference must yield to the specific bequest in Article IV of *all* the testatrix's personal property.

■ We disagree with the trial court's ruling that, in order to give effect to the trust provisions in Article V, Article IV must be construed to include only tangible personal property. The record shows that the testatrix's real property is valued at $67,500. In accordance with the powers given the trustees in the will, this real property can be rented or sold to produce an income until Bowles is 60 years old. At that time, the corpus of the trust can be liquidated for division into three equal shares, to be distributed as specified in Article V. Thus, when Article IV is construed to include the testatrix's intangible, as well as tangible, personal property, the trust provision in Article V still can be executed in accordance with the testatrix's instructions.

For these reasons, we hold that the trial court erred in its interpretation of the term "personal property" in Article IV. Accordingly,

we will reverse the judgment of the trial court and enter final judgment in favor of Bowles.

*Reversed and final judgment.*