Present:  Carrico, C.J., Compton, Lacy, Hassell, Koontz, and
          Kinser, JJ., and Poff, Senior Justice

MAZZIE TURNER, ET AL.
                                        OPINION BY
v.  Record No. 982588        SENIOR JUSTICE RICHARD H. POFF
                                     September 17, 1999
MARK N. REED, EXECUTOR, ETC., ET AL.


            FROM THE CIRCUIT COURT OF PAGE COUNTY
                  Porter R. Graves, Jr., Judge

     The principal issue in this appeal is whether the

chancellor erred in construing the term "personal property", as

used in a testamentary bequest, to include only tangible

personal property.

     In the second paragraph of her will, Kathleen R. Waye made

monetary bequests to six beneficiaries. The portion of the

second paragraph relevant to the ruling challenged in this

appeal provides as follows:

        "I give, devise and bequeath unto my friends, MAZZIE
     TURNER and LOIS SOMERS [now Lois Jarriel], my residence
     . . . and all of the furniture and personal property
     located in and about said residence, along with any
     automobile which I may own at the time of my death, to be
     held by them as joint tenants with the right of
     survivorship."

     In the third paragraph, the testatrix divided the residue

of her estate equally among four beneficiaries.[*]  Mark N. Reed,

the drafter of the will, qualified as executor of the estate and

_____

     [*] The residuary beneficiaries were identified in the third
paragraph of the will as the Luray United Methodist Church, the

posted bond in the sum of $1,150,000.00. An inventory of personal property "located at Mrs. Waye's residence . . . at the time of her death" included stock certificates and travelers checks valued by the executor as having "a fair market value of approximately $134,543.99."

In his bill of complaint seeking construction of the will, the executor contended that "under a proper interpretation . . . those stock certificates and [t]ravelers checks are part of the residuary portion of Mrs. Waye's Estate, and as such would pass to the residuary beneficiaries and not the [r]espondents, Mazzie Turner and Lois Jarriel." Citing this Court's decision in Bowles v. Kinsey, 246 Va. 298, 435 S.E.2d 129 (1993), Turner and Jarriel contended that "the term 'personal property' is a term of art and embraces both intangible and tangible personalty."

The chancellor agreed with the executor's argument that "the facts in Bowles v. Kinsey, are distinguishable from those of this case" and entered a final decree construing the disputed language as limited to a bequest of tangible personal property. We agree with the chancellor's conclusions.

We consider this issue in the context of certain well-settled principles. As we said in Bowles, "[t]he paramount rule of will construction is that the intention of the testator

---

Luray Christian Church, Lynchburg College and the Odd Fellows and Rebeccas Home of Virginia.

controls, unless such intent is contrary to an established principle of law."  246 Va. at 300, 435 S.E.2d at 130.  "The primary consideration and rule of construction is to determine the intention of the testator from the language which he has used."  Penick v. Walker, 125 Va. 274, 278, 99 S.E. 559, 560 (1919); accord Coffman v. Coffman, 131 Va. 456, 463, 109 S.E. 454, 457 (1921).  "This intention, gathered from the whole will, must predominate over all technical words and expressions."  James v. Peoples National Bank, 178 Va. 398, 404, 17 S.E.2d 387, 389 (1941).  "Technical rules of construction are not to be invoked to defeat the intention of the maker of the instrument, when his or her intention clearly appears by giving to the words used their natural and ordinary import."  Horne v. Horne, 181 Va. 685, 691, 26 S.E.2d 80, 83-84 (1943); accord Walton v. Melton, 184 Va. 111, 115-16, 34 S.E.2d 129, 130 (1945).

In Bowles, this Court said that "[s]ince the term 'personal property' is a technical term, the testatrix generally is presumed to have used that term in its technical sense."  Bowles, 246 Va. at 301, 435 S.E.2d at 130 (emphasis added).  Under the facts of that case, in which the testatrix disposed of "all my personal property", we concluded that the term "personal property" included both tangible and intangible forms of property.  Id.

3

We used the word "generally" in <u>Bowles</u> to qualify the rule that use of a technical term is an absolute definition of testamentary intent.  In <u>Bowles</u>, the testatrix used the word "all" in disposing of her personal property.  The word "all" means:  "The whole number or sum [when] used collectively with a plural noun or pronoun expressing an aggregate."  Blacks Law Dictionary 74 (6th ed. 1990).  Thus, the general rule stated in <u>Bowles</u> was applicable in that case because the testatrix defined her bequest in language consonant with the definition of the technical term and because she used no language elsewhere in her will indicating a different testamentary intent.

Reaffirming the general rule stated in <u>Bowles</u>, we hold that an exception to that rule applies here.  In <u>Bowles</u>, the word "all" defined the entire corpus of the testatrix's personal property, unqualified by kind or situs.  Here, that adjective defines only a select portion of the testatrix's personal property, that is, "furniture and personal property" and only such property as was "located in and about [her] residence".  Thus, we share the chancellor's view that the testatrix's intention in the disputed portion of paragraph 2 was to limit her bequest to tangible personal property located in the residence.

In a second assignment of error, Turner and Jarriel say that the chancellor erred by considering the doctrine of <u>ejusdem</u>

4

generis in the course of his construction of the language of the will.  We disagree.

As we define that doctrine, in the construction of legal instruments, when the listing of an item with a specific meaning is followed by a word of general import, the general word will not be construed to include things in its widest scope but only those things of the same import as that of the specific item listed.  See Cape Henry Towers, Inc v. National Gypsum Co., 229 Va. 596, 603, 331 S.E.2d 476, 481 (1985); Martin v. Commonwealth, 224 Va. 298, 301, 295 S.E.2d 890, 892 (1982); East Coast Freight Lines v. City of Richmond, 194 Va. 517, 525, 74 S.E.2d 283, 288 (1953); Rockingham Bureau v. Harrisonburg, 171 Va. 339, 344, 198 S.E. 908, 911 (1938).

Here, the specific items listed are "furniture" and "automobile"; the general term listed is "personal property". The widest scope of that term includes intangible as well as tangible personal property.  But under the doctrine in issue, the general term applies only to things of the same import as that of the specific items listed, i.e., tangible personal property.

Finding no merit in the assignments of error, we will affirm the final decree.

Affirmed.

5