## CIRCUIT COURT OF ROCKINGHAM COUNTY

Roger T. Ashley,
Executor of the
Estate of Helen S. Lam,
deceased

 v.

James R. Helmick et al.

July 8, 2004

Case No. CH04-00041

BY JUDGE JOHN J. MCGRATH, JR.

*Facts*

Roger T. Ashley, the Executor of the Estate of Helen S. Lam, brought this suit for aid and direction in disposing of the estate's assets. Named as defendants are the various individuals and entities who could take under the will. The parties in this suit advance three distinct ways in which they believe Articles V and VI of the will should be interpreted.

Article V of the will states:

> I grant control of my real property in Harrisonburg, Virginia, to my personal representative for as long as he deems proper. After appropriate use of the property has ended, the property may be sold and the proceeds divided among the living beneficiaries listed in Article VI below. The division of the proceeds of the sale of this property will be separate from the division of the residue of the remainder of the estate.

Article VI of the will states:

After making provisions for Articles III, IV, and V above from the residue and remainder of my estate, I direct that the remainder and residue of my estate be apportioned equally, except as specifically limited, among, if living or existing, Mary REXRODE; Judy FALLS (limited to $1000); the Harrisonburg Society for Prevention of Cruelty to Animals (limited to $500); James R. HELMICK; Blanche M. HARROLD; JoAnn RAINES; Roger T. ASHLEY; the Brandywine Christian Church located in Brandywine, West Virginia, and the Valley Church of Christ located in Harrisonburg, Virginia.

## Analysis

The first issue with regard to interpretation of the above articles is whether the testatrix intended the proceeds of the real property in Article V to go only to individuals, or whether she intended the proceeds to go to both individuals and entities. Article V states that the proceeds of the real property should go to the "living beneficiaries listed in Article VI below." Article VI gives a list of individuals and entities which the testatrix points out must be "living or existing" in order to take under Article VI. The question, is whether the testatrix's use of the word "living beneficiaries" in Article V includes the entities listed in Article VI as well as the individuals.

When interpreting the meaning of a will, the primary rule is that the intention of the testatrix controls unless it is contrary to established law. *See, e.g., Turner v. Reed*, 258 Va. 406, 409 (1998). The court must give credence to the language the testatrix used in conjunction with the context of the overall document over technical words and expressions. *Id.*

Taking into account the document as a whole, I find that the testatrix did not intend for the entities listed in Article VI to receive the proceeds from the real property. Article VI of the will makes clear that the testatrix was aware of the fact that individuals and entities are two separate things or legal entities that require two separate descriptions. In Article VI, she distinguishes between individuals and entities, describing the individuals as "living," and the entities as "existing." Since the testatrix was obviously cognizant of this difference in Article VI, it would be a strained reading of the document to conclude that, when she mentions "living beneficiaries" in Article V, she meant it to include both individuals and entities.

The second issue in this case is whether the monetary caps on the residual bequests listed in Article VI also carry over to limit the specific bequests in Article V. It is the Court's opinion that they do not. In Article V, the testatrix states, "[t]he division of the proceeds of the sale of this property will be separate from the division of the residue of the remainder of the estate." This

passage makes clear that the testatrix intended the proceeds from the real estate sale to be handled separate and apart from the residual estate. If the caps from Article VI affected the distribution of the proceeds in Article V, then the two bequests would be intermingled and interdependent rather than separate. Furthermore, while I believe that the testatrix intended to limit the *type* of beneficiaries who can take under Article V by use of the words "living beneficiaries listed in Article VI below," I can find no similar attempt of the testatrix to limit the *amount* that they can take. Reading the document as a whole, it is the Court's opinion that, if the testatrix intended to incorporate more than the mere list of living beneficiaries appearing in Article VI, then she would have specifically done so.

Therefore, it is ordered, adjudged, and decreed that the Plaintiff shall distribute the proceeds of the real estate sale under Article V of the Will of Helen S. Lam in accordance with this ruling.