## CIRCUIT COURT OF THE CITY OF SALEM

Ronald Britt,
Executor of the
Estate of
Shirley T. Surratt,
deceased

    v.

Ross Nicholas Surratt et al.

January 26, 2005

Case No. CH05-2

BY JUDGE ROBERT P. DOHERTY, JR.

The Executor entered into a contract to sell the land in the decedent's estate to Purchaser. Purchaser obtained a title search and, as a result, now questions whether the will empowers the Executor to sell the land. Accordingly, Executor has filed this chancery cause to construe the will. He argues that the will authorizes the Executor to sell the land and to place the proceeds in trust for the benefit of the infant grandchildren of the Testatrix. The *Guardian ad litem* joins in the argument made by the Executor, pointing out that it would be burdensome to keep the land rather than converting it to cash.

The confusion resulting from the language of this will is understandable. It is unartfully drawn and cumbersome. However, after a close reading, a pattern develops and the intent of the Testatrix can be perceived. "This intention, gathered from the whole will, must predominate over all technical words and expressions." *James v. Peoples National Bank*, 178 Va. 398, 404 (1941). When construing any will "the intent of the testat[rix] controls, unless such intent is contrary to an established principle of law." *Bowles v. Kinsey*, 246 Va. 298, 300 (1993). The intent of the Testatrix in this case is not contrary to any established principle of law.

The Testatrix intended that her real estate should descend and become titled in the names of her infant grandchildren. She wanted them to own her home. She may not have understood that placing the land in the names of her infant grandchildren would require that the actual use of the land, but not its title, be delivered to a Trustee to be held and managed for her grandchildren until they became adults. She may not have understood that her plan to transfer the land to her grandchildren was more cumbersome than selling it and putting the proceeds in a trust. But she did understand and intend, as evidenced by the language she used in her will, that, by signing that document, she was transferring fee simple title in her land to her infant grandchildren upon her death. The Executor's request to allow him to sell the land for the benefit of the infant beneficiaries is denied.