**Lisa STERNBERGER, Plaintiff
and Appellant,**

v.

**CITY OF WILLISTON, a North Dakota
Municipal Corporation, Defendant
and Appellee.**

Civil No. 960153.

Supreme Court of North Dakota.

Dec. 4, 1996.

Schoppert Law Firm, Minot, for plaintiff and appellant; argued by Paul M. Probst.

Winkjer, McKennett, Stenehjem, Reierson, & Forsberg, Williston, for defendant and appellee; argued by Kent A. Reierson.

MESCHKE, Justice.

Lisa Sternberger appeals from a summary judgment dismissing her claim against the City of Williston for her personal injury when she fell on its snow-storage lot. We affirm.

On March 26, 1995, Sternberger was injured while running in the middle of the night through an unimproved lot owned by the City and used for a snow-storage site. Sternberger described what happened in her answer to an interrogatory:

At approximately 1:00 a.m. on March 26, 1995, my friend Karlen Pope and I were driving in the area of 2nd Street and University Avenue when the driver of my vehicle, Karlen Pope, got out [of] the vehicle, took the keys with him and proceeded across the lot in question. I pursued him to try to gain possession of my keys so I could drive myself home. As I was crossing the lot in question, on what I thought was hard packed gravel, I fell through, what was in fact hard packed snow and ice, and severely injured my right knee. After my fall, Karlen Pope threw the keys to me and I crawled and limped back to my van and drove home.

Sternberger sued the City, alleging it had negligently maintained the lot by failing to furnish safe access on it that resulted in her injury.

The City moved for summary judgment on the ground, as a matter of law, it owed no duty to Sternberger. With its motion, the City submitted part of Sternberger's answers to its interrogatories and the affidavits of a City Commissioner and the Public Works Director. Both swore that they were not aware of any prior complaints about the lot or of any accidents on the lot. They also stated that the City had evaluated various possible snow-storage sites and that they did not consider this one to be dangerous. The Public Works Director, said: "There is good access all around the lot and it is not reasonable to believe that people would cross it at times when the snow is melting, as the lot is not surfaced and it is full of mud and gravel."

Sternberger did not submit any evidence of negligence by the City in her opposition to the summary judgment motion. The trial court granted summary judgment because "reasonable minds could not disagree that under the situation described in this case, the City did not maintain an unreasonably dangerous or hazardous condition for a person (pedestrian) exercising ordinary care."

In its order, the trial court said that the lot was surrounded by a well-maintained roadway and partially surrounded by a walkway. On appeal, Sternberger asserts the fact of an adjacent sidewalk is disputed and material, so summary judgment was improper. She argues the trial court wrongly concluded that the City owed no specific duty to her to "guard against unreasonably dangerous conditions." She contends that the existence of an adjacent sidewalk may determine whether the City properly exercised this duty. We disagree.

■■■ Summary judgment is appropriate when either party is entitled to judgment as a matter of law, if no dispute exists about the material facts or inferences to be drawn from undisputed facts, or if resolving disputed facts would not alter the result. *Olson v. City of Garrison,* 539 N.W.2d 663, 664 (N.D. 1995). For summary judgment, the court must view the evidence in the light most favorable to the party opposing the motion. *Holter v. City of Sheyenne,* 480 N.W.2d 736, 737 (N.D.1992). However, as we recently explained in *Kristianson v. Flying J Oil & Gas, Inc.,* 553 N.W.2d 186, 188 (N.D.1996):

[T]he party opposing summary judgment cannot leave to the court the chore of divining what facts are relevant and material to the claim for relief, but must draw the court's attention to relevant evidence in the record by setting out the page and line in depositions or other documents containing testimony or evidence raising a genuine issue of material fact.

(footnote omitted). NDRCivP 56(e) describes the evidentiary methods of opposing summary judgment, primarily with affidavits or other admissible evidence. As *Kristianson*, 553 N.W.2d at 188 explained, "the opposing party may not rest upon mere allegations or denials in the pleadings, but must present admissible evidence establishing a genuine issue of material fact."

█ Sternberger did not present any evidence about sidewalks to the trial court.[1] She also failed to offer any evidence that the City's maintenance of the lot was unreasonably hazardous. On appeal, she does not identify any admissible evidence in this record to support her argument, but depends on her complaint. This is not enough response to raise an issue of material fact.

█ Anyway, the presence or absence of a sidewalk around the lot is not material. Sternberger argues this fact is material because it may determine whether the City properly exercised its duty to protect against hazardous conditions on the lot. However, even without a sidewalk anywhere, we agree with the trial court that there is no evidence at all to indicate the City maintained an unreasonably hazardous condition on the lot for a person exercising ordinary care.

█ To be negligent, a person must owe a duty to protect another from injury. *Holter*, 480 N.W.2d at 737–38. Whether a duty exists is usually a question of law for the court to decide. *Id.* If the existence of a duty depends on factual determinations, it should be decided by the fact-finder. *Rawlings v. Fruhwirth*, 455 N.W.2d 574, 577 (N.D.1990); *Morrison v. Grand Forks Hous. Auth.*, 436 N.W.2d 221, 225 (N.D.1989). Still, an issue of fact becomes a question of law if reasonable persons could reach only one conclusion from the facts. *Id.*

█ Landowners owe a general duty to lawful entrants to maintain their property in a reasonably safe condition under the circumstances.[2] *Holter*, 480 N.W.2d at 738; *O'Leary v. Coenen*, 251 N.W.2d 746, 751 (N.D.1977). The circumstances to consider are the likelihood of an injury to another, the seriousness of the injury, and the burden of avoiding the risk. *Id.* In *O'Leary*, 251 N.W.2d at 752, we stressed:

The circumstances of a visitor's entry upon another's premises will continue to have a direct relationship to the question of landowner liability. Foreseeability of a visitor's entry determines in part the likelihood of injury to him, and the extent of the interest which must be sacrificed to avoid the risk of injury.

Here, Sternberger was running at night in an unfamiliar area. The accident occurred in the wintertime when large piles of snow and ice are common in North Dakota. The piles were open and obvious, and they cannot be viewed as pitfalls, traps or snares that would make conditions dangerous for a person exercising ordinary care. *See* Restatement (Second) of Torts § 343A (1965) (a landowner is not liable for "condition on the land whose danger is known or obvious"). Here, the City's Commissioner and its Public Works Director both swore that they were not aware of any prior complaints about the lot or of other injuries. We conclude there is no

---

**1.** As evidence of sidewalks and adequate lighting, the City relies on a map and interrogatories that were not submitted with its summary judgment motion. In violation of Rule 30(b) of the North Dakota Rules of Appellate Procedure, the City included this material in its supplemental appendix. As a sanction for this indifference, we deny costs on this appeal to the City.

**2.** We are unable to tell from this record whether Sternberger was a lawful entrant or a trespasser on the City's lot. Although this court has eliminated the distinction between invitees and licensees, it has maintained the separate category of trespassers. *O'Leary v. Coenen*, 251 N.W.2d 746, 751 (N.D.1977). A landowner's only duty to a trespasser is to refrain from harming the trespasser in a wilful and wanton manner. *Id.* Because we believe there is no evidence the City violated its greater duty to a lawful entrant, we do not view Sternberger as a trespasser.

evidence that Sternberger's entry on the lot and her injury were foreseeable by the City.

Sternberger also argues that the trial court could not determine, as a matter of law, that she was not exercising due care. This argument ignores the nature of the analysis often employed in a summary judgment against an injured claimant absent evidence of unreasonable conduct by the defendant. *See Morrison v. Grand Forks Hous. Auth.*, 436 N.W.2d at 229 (upholding summary judgment in part because "the danger of removing the battery from a battery-powered smoke detector, and leaving it out, is, as a matter of law, obvious to the reasonable and prudent user of such smoke detector"); *Haga v. Cook*, 145 N.W.2d 888, 892 (N.D. 1966) (directing of judgment notwithstanding the verdict because employee assumes the risk of danger when he knows of it or "danger is so obvious that an ordinarily prudent person, in the exercise of ordinary care, knows or ought to know of such danger"). While the City has a general duty to maintain a reasonably safe property, it does not ensure the safety of an unexpected visitor to its snow-storage lot.

We affirm the trial court's summary judgment in favor of the City. As explained in footnote 1, we deny costs to the City on this appeal because of its indifference to the appellate rules.

VANDE WALLE, C.J., and MARING, NEUMANN and SANDSTROM, JJ., concur.