1997 ND 58

### In the Matter of the ESTATE OF Wallace W. ZIMMERMAN, Deceased.

Sarah L. ZIMMERMAN, Surviving Spouse, and Maureen K. Zimmerman, Daughter, Petitioners and Appellants,

v.

Andrew C. ZIMMERMAN, Personal Representative of the Estate of Wallace W. Zimmerman, Respondent and Appellee,

and

Karen M. Zimmerman, Respondent.

Civil No. 960318.

Supreme Court of North Dakota.

April 1, 1997.

Steven E. McCullough (argued), of Ohnstad Twichell, West Fargo, for petitioners and appellants.

Edmund G. Vinje (argued), of Vinje Law Office, Fargo, for respondent and appellee.

MARING, Justice.

[¶ 1] Sarah L. Zimmerman appealed from a district court order declaring she had waived her right to an elective share of the estate of her deceased spouse, Wallace W. Zimmerman. We dismiss the appeal, because there is an unresolved claim between Sarah Zimmerman and the estate and there is no Rule 54(b), N.D.R.Civ.P., certification.

[¶ 2] Wallace Zimmerman died testate on January 1, 1994. His will, executed on August 6, 1986, was admitted to probate and his son, Andrew C. Zimmerman, was appointed personal representative to administer the estate in unsupervised informal probate proceedings.

[¶ 3] On January 16, 1996 Sarah filed a "Motion for Determination of Right to Elective Share," claiming a right, as the surviving spouse, to an elective share of the estate. The personal representative resisted, arguing Sarah waived her right to an elective

share in a prenuptial agreement executed in 1985. The trial court concluded the prenuptial agreement constituted a complete property settlement in anticipation of separation or divorce which, under Section 30.1–05–04, N.D.C.C., constituted a waiver by Sarah to an elective share of her spouse's estate. The court entered an order denying Sarah's motion for an elective share, and she appealed.

[¶ 4] The first and dispositive issue we consider is whether the trial court's order is appealable. Although neither party raised this question, the right to appeal is jurisdictional and we consider it sua sponte. *See, e.g., Matter of Estate of Luken,* 551 N.W.2d 794, 796 (N.D.1996).

[¶ 5] Informal probate proceedings are not supervised and therefore "each proceeding before the court is independent of any other proceeding involving the same estate." Section 30.1–12–07, N.D.C.C. Consequently, orders in an unsupervised probate are appealable, without certification under Rule 54(b), N.D.R.Civ.P., "unless they determine some, but not all, of one creditor's claims against an estate." *Matter of Estate of Zimbleman,* 539 N.W.2d 67, 70 (N.D.1995). *See also Matter of Estate of Starcher,* 447 N.W.2d 293, 296 (N.D.1989).

[¶ 6] The second paragraph of Wallace Zimmerman's will states:

"I am presently married and separated, contemplating divorce. I hereby leave my wife the legal minimum required by law. When we are legally divorced, I understand that the legal minimum is zero and it is my intention that if we are not husband and wife at the time of my demise my present wife, Sarah Lily Zimmerman, shall receive nothing from my estate."

In a footnote to her brief in support of the motion for an elective share, Sarah raises an issue about her rights under the will:

"This legal minimum *is* the elective share. Therefore, even if Sarah had not made the election under the statute, she would be entitled under the Will to receive the one-third share of the augmented Estate."

This issue has not been resolved. During appellate arguments, Sarah Zimmerman's attorney said "there is a potential claim out there" involving "the issue of intent about the will." He argued a determination on this appeal about the elective share "will provide the trial court with extreme guidance on how to settle the issue." Appellate courts cannot give advisory opinions. *See e.g., Ashley Educ. Ass'n v. Ashley Public Sch. Dist. No.9,* 556 N.W.2d 666, 668 (N.D.1996).

[¶ 7] The issue of what Sarah Zimmerman receives under the will is so interconnected with the issue of elective share that one cannot be finally resolved without consideration of the other. If, for instance, the will is construed to devise the equivalent of an elective share to Sarah without requiring her to claim a statutory elective share, the issue of waiver of the right to an elective share may become moot. Also, the interrelated question of what is included in the augmented estate is relevant to both the will interpretation and elective share issues.[1]

[¶ 8] Similarly, in *Matter of Estate of Stuckle,* 427 N.W.2d 96 (1988), this court dismissed a widow's appeal from an order denying several of her claims in probate against her deceased husband's estate because she had additional unresolved claims against the estate. Justice Meschke, concurring in dismissal of the appeal, explained:

"... the Uniform Probate Code clearly incorporates existing procedural rules governing civil appeals. Considerations of effective and efficient judicial administration of appeals are similarly important in probates as in other civil matters.

\* \* \* \* \*

"Where unsettled issues are evident and are linked to those brought for review, piecemeal appeals should not be encouraged without appropriate reason. More than conservation of judicial energy and

---

1. In the reply brief in Support of Motion for Determination of Right to Elective Share, Sarah's attorney argues the augmented estate is $398,367.13. However, the computation does not appear to reflect the value of property owned by Sarah at Wallace's death, which under Section 30.1–05–02, N.D.C.C., is included in the augmented estate, and which is set off against the surviving spouse's elective share. Computation of the augmented estate, which is currently unresolved in the lower court, is inherently relevant to what amount, if any, Sarah's elective share would be.

elimination of delays is involved. *See* 9 Moore's Federal Practice ¶ 110.07 (1987). Comprehension on appeal is usually improved by thorough development and elaboration at trial of related facts and legal problems."

*Matter of Estate of Stuckle,* 427 N.W.2d at 103 (concurring opinion). To avoid piecemeal litigation and to promote effective and efficient judicial administration of the appeal process, Sarah's interrelated claims against the estate need be resolved together, not in a vacuum.

[¶ 9] Accordingly, the appeal is dismissed.

[¶ 10] VANDE WALLE, C.J., and NEUMANN, SANDSTROM and MESCHKE, JJ., concur.

