Filed 9/30/97 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

  1997 ND 194

insert party~Alice Hurt, Eric Hurt, and

Ernie Mathias on behalf of 

Brady Hurt, a minor,                   Plaintiffs and Appellants

       v.                                                        

Tyler Freeland, Defendant 

    -------

insert party~Traci Olson, and 

Timothy Olson,                        Defendants and Appellees

Civilcivil or criminal~ No. number~970119 

Appeal from the District Court for Dickey County, Southeast Judicial District, the Honorable Richard W. Grosz, Judge.

insert case disposition~DISMISSED.

Opinion of the Court by Neumann, Justice.

Thomas A. Dickson of Dickson Law Office, P.O. Box 1896, Bismarck, N.D. 58502-1896, for plaintiffs and appellants.

Daniel L. Hull of Anderson & Bailly, State Bank Center, Ste. 202, 3100-13th Avenue SW, Fargo, N.D. 58103, for defendants and appellees. 

insert case name~

Hurt, et al. v. Freeland, et al.

Civil No. 970119

insert case number~

Neumann, Justice.

[¶1] Alice Hurt, Eric Hurt, and Ernie Mathias on behalf of Brady Hurt, a minor, [the Hurts] appeal from a summary judgment dismissing Traci Olson and Timothy Olson [the Olsons].  We dismiss the appeal for lack of Rule 54(b), NDRCivP, certification because unresolved claims remain between the Hurts and Tyler Freeland.

I

[¶2] On December 24, 1993, Edwin Hurt, his son Douglas Hurt, and his daughter-in-law Sandra Hurt were killed, and Doug and Sandra’s two sons, Eric and Brady Hurt were seriously injured in an automobile accident.  The Hurts vehicle was hit by a pickup driven by Cory Meyer, whose passengers were the Olsons and Tyler Freeland, all of whom had been consuming alcohol.

[¶3] The Hurts sued the Olsons and Tyler Freeland on traditional negligence concepts.
(footnote: 1)  The Olsons moved for summary judgment seeking dismissal of those claims.  The court granted partial summary judgment, but allowed the Hurts to file an amended complaint.  The Hurts amended their complaint on theories of passenger negligence, civil conspiracy, state RICO, intentional infliction of emotional distress, and prima facie tort.  The Olsons again moved for summary judgment.  The district court granted their motion, dismissing the amended complaint against them. Freeland did not make an appearance in the action.  He did not answer the complaint, and has neither been dismissed from this case nor had judgment entered against him.  The Hurts appeal.

II

[¶4] In order to consider the merits of this appeal, we must have jurisdiction.  
Gast Constr. Co. v. Brighton Partnership
, 422 NW2d 389, 390 (N.D. 1988).  Although neither party raised the issue of appealability, the right to appeal is jurisdictional and may be considered sua sponte.  
See, e.g.
, 
In Re Estate of Zimmerman
, 1997 ND 58, ¶4, 561 NW2d 642.  We use a two-prong test to analyze whether this Court has jurisdiction to consider appeals from orders in cases in which unadjudicated claims remain for the district court to resolve.  
E.g.
, 
Central Power Elec. Co-op. v. C-K, Inc.
, 512 NW2d 711, 714 (N.D. 1994).  First, the order appealed from must conform with the statutory criteria under NDCC § 28-27-02.  
Id.
  Second, there must be a Rule 54(b) certification by the district court.  
Id.
; NDRCivP, Rule 54(b).

[¶5] Determining the first prong is unnecessary, because this case obviously fails the second: There is no Rule 54(b) certification by the district court.  Under the explicit language of Rule 54(b), the district court's judgment dismissing the claims against the Olsons does not terminate the action as to any of the parties, including the Olsons.  The judgment remains subject to revision at any time before the entry of judgment adjudicating all the claims, rights, and liabilities of all the parties.  NDRCivP, Rule 54(b).  Without a Rule 54(b) certification, the summary judgment dismissing only the Olsons is not appealable.  
Central Power Elec. Co-op.
, 512 NW2d at 714.  Rule 54(b) clearly applies in multiple party claims that do not adjudicate all the claims against all the parties.  
Peterson v. Zerr
, 443 NW2d 293, 296 (N.D. 1989).  If ever a case clearly and explicitly falls within the parameters of Rule 54(b), this is it.  At oral argument, the Hurts’ counsel conceded that neither a judgment nor a dismissal was entered against Tyler Freeland, leaving claims against him wholly unadjudicated.

[¶6] As this Court has frequently stated, we do not have authority to render advisory opinions, and the purpose of Rule 54(b) is to preserve our policy against piecemeal appeals.  
See, e.g.
, 
In re Estate of Zimmerman
, 1997 ND 58, ¶¶6, 8, 561 NW2d 643; 
Sickler v. Kirkwood
, 1997 ND 40, ¶5, 560 NW2d 532.  When adjudicated and unadjudicated claims arise from the same transaction and are legally and factually intertwined, reviewing  only some of the claims on appeal is uneconomical for this Court.  
Janavaras v. National Farmers Union Property
, 449 NW2d 578, 581 (N.D. 1989); 
Club Broadway, Inc. v. Broadway Park
, 443 NW2d 919, 922 (N.D. 1989).  

[¶7] Accordingly, the appeal is dismissed.

III

[¶8] The Olsons moved to strike portions of the Hurts' brief and appendix on appeal.  The Olsons assert the Hurts included inappropriate materials in the appendix, including items not a part of the record below, in violation of Rule 28 and Rule 30, NDRAppP.  The Olsons request costs and attorney’s fees incurred for the extra expense of bringing a motion to strike those items from the record on appeal.

[¶9] The Olsons claim facts were presented in the Hurts' appellate brief that were not a part of the record, including comments regarding the criminal trial of Cory Meyer.  The Olsons also claim four documents not in the record below were included in the Hurts' appendix on appeal, including two documents from the criminal case against Cory Meyer
(footnote: 2) and a notice and affidavit of mailing on the RICO claims sent to the Attorney General, but never filed in this action.

[¶10] Rule 28(a), (e), NDRAppP, requires a concise statement of the case in an appellate brief, with references to the appendix page supporting the statement.  Statements of fact were made in the Hurts’ brief without appropriate references in support being noted, a violation of the rule.

[¶11] Rule 30(a), NDRAppP, states:  “Only items actually in the record may be included in the appendix.  A signature on the brief, under Rule 28 certifies compliance with this rule.”  Upon review of the appendix certified by Mr. Dickson, and comparing it with the record certified by the Clerk of Court, it is clear that four documents are in the appendix that were not in the record below.  Not only were these extra-record documents in the appendix, they were also referred to by Mr. Dickson in his appellate brief.

[¶12] This Court applies Rule 13, NDRAppP, as an enforcement tool to encourage compliance with the North Dakota Rules of  Appellate Procedure.  
Reinecke v. Griffeth
, 533 NW2d 695, 702-03 (N.D. 1995).  Rule 13, NDRAppP, provides:  "The supreme court may take any appropriate action against any person failing to perform an act required by the rules or required by court order."  

[¶13] “The determination whether to administer sanctions for noncompliance with the Rules of Appellate Procedure rests wholly within the discretion of this court.”  
Lake Region Credit Union v. Crystal Pure Water, Inc.
, 502 NW2d 524, 528 (N.D. 1993).  We have assessed costs for failure to comply with the rules governing preparations of the appendix on appeal in order to encourage respect for and compliance with the appellate rules.  
Id.
; 
Bye v. Federal Land Bank Ass’n of Grand Forks
, 422 NW2d 397, 399 (N.D. 1988); 
In re Estate of Raketti
, 340 NW2d 894, 898 (N.D. 1983); 
cf
. 
Sternberger v. City of Williston
, 556 NW2d 288, 290 n.1 (N.D. 1996) (denying costs to the City of Williston as a sanction for its indifference of the appellate rules as shown by including information in its appendix not submitted to the trial court).

[¶14] Mr. Dickson’s actions in this case are serious, willful violations of the rules of appellate procedure.  This is not the first time such behavior has occurred. Mr. Dickson’s persistent flouting of the rules is a pattern of behavior that cannot be ignored. 

[¶15] We, therefore, grant the Olsons' motion to strike the extra material, and we impose costs against Mr. Dickson, not the Hurts, in the amount of $1,000 payable to the Olsons as partial reimbursement for attorney’s fees incurred in this appeal.  

[¶16] William A. Neumann

Mary Muehlen Maring

Herbert L. Meschke

Dale V. Sandstrom

Gerald W. VandeWalle, C.J.

FOOTNOTES
1:    
This lawsuit did not include a claim against the driver of the pickup, Cory Meyer, as claims against him have settled separately.

2:    
The documents include a witness record and an order dismissing the criminal charges against Cory Meyer
.