1998 ND 57

**In the Matter of the ESTATE OF Evelyn B. NESHEM, Deceased.**

**Connie DAVIS, Cynthia Rice, and Carolyn K. Beloit, Petitioners and Appellants,**

**v.**

**Ronald NESHEM, Personal Representative of the Estate of Evelyn B. Neshem, Respondent and Appellee.**

**Civil No. 970263**

Supreme Court of North Dakota.

March 9, 1998.

Michel W. Stefonowicz (argued), Crosby, and Jeffrey J. Peterson (appearance), Bowbells, for petitioners and appellants.

Debra K. Edwardson (argued), of Edwardson Law Office, and Ervin J. Lee (no appearance), Minot, for respondent and appellee.

MARING, Justice.

[¶ 1] Connie Davis, Cynthia Rice, and Carolyn K. Beloit f/k/a Carolyn Faber (petitioners) appealed a judgment construing Evelyn Neshem's will to exclude them as residuary devisees of her estate. We hold Evelyn's will, when construed as a whole to give meaning to each word and phrase, expresses her intent to treat the petitioners as her issue and devisees under her will. We reverse and remand for proceedings consistent with that interpretation.

[¶ 2] Joseph and Evelyn Neshem were husband and wife. They had one son, Ronald, from their marriage, and Joseph had one son, Clifford, from a previous marriage. When Clifford died in 1983, he was survived by his three children, the petitioners. In 1989 Joseph and Evelyn executed reciprocal wills establishing a "family trust" for the surviving spouse, and upon death of the surviving spouse, distributing the remaining trust assets under a residuary clause.

[¶ 3] Evelyn's will described her family:

I.

*My Family*

I reside in Ward County, North Dakota. My birth date is May 19, 1911. My husband's name is Joseph Neshem. His birth date is February 15, 1900. We have one living child. His name and birthdate is:

| Name | Birth Date |
| --- | --- |
| Ronald Neshem | July 11, 1937 |

Our son, Clifford Neshem, is deceased and was survived by three children whose names are: Connie Davis, Cynthia Rice and Caroline Faber.

After certain specific devises and creation of the family trust, Evelyn's will provided for disposition of the residue of her estate to her "issue who are then living, per stirpes." Evelyn's will also defined several terms:

## IX.

### Definitions and Interpretations

The following interpretations shall be given the terms of this will:

A. *Issue.* "Issue" means all persons who are descended from the person referred to, either by legitimate birth to or legal adoption by him or any of his legitimately born or legally adopted descendants.

B. *Child.* "Child" means an issue of the first generation.

C. *Per Stirpes.* "Per stirpes" means in equal shares among living children and the issue of deceased children, the latter taking by right of representation.

[¶ 4] Joseph died in February 1993, and Evelyn died in October 1996. Ronald was appointed personal representative of Evelyn's estate. The petitioners requested supervised administration of her estate, alleging they were intended devisees of property under her will. Ronald resisted, asserting because Clifford was not Evelyn's natural son, Clifford and the petitioners were not her issue, and the petitioners therefore were not devisees under her will.

[¶ 5] The district court concluded the description of Clifford as "our son" in Evelyn's will was "incorrect" and "ambiguous," but the language of the residuary clause was not ambiguous and required the distribution of the residue of her estate to "my issue who are then living, per stirpes." The court ruled the petitioners were not devisees under Evelyn's will because they were not her "issue." The petitioners appealed.

[¶ 6] The petitioners contend because Evelyn's will defined Clifford as her "son," her will, when read as a whole, unambiguously expresses her intent to treat Clifford and the petitioners as her "issue." They, therefore, argue they are devisees under Evelyn's will.

[¶ 7] A court's primary goal in construing a will is to ascertain the testatrix's intent. *Matter of Estate of Brown,* 1997 ND 11, ¶ 15, 559 N.W.2d 818. If the language of a will is clear and unambiguous, the testatrix's intent must be determined from the language of the will itself and not from ex-

trinsic evidence. *Id.* at ¶ 16. In construing a will, a court must, if possible, harmonize all parts of the will so each word and phrase is given effect. *Id.* at ¶ 24. Every word and phrase is presumed to have meaning, and no word or phrase that reasonably can be given effect should be disregarded. *Quandee v. Skene,* 321 N.W.2d 91, 95 (N.D.1982). If two interpretations of a will are possible, one disregarding a word or phrase and one giving effect to the language of the will as a whole, the construction giving effect to the will as a whole must be adopted. *Id.*

[¶ 8] Whether a will is ambiguous is a question of law for the court to decide. *Brown,* 1997 ND 11, ¶ 15, 559 N.W.2d 818. A will is ambiguous if, after giving effect to each word and phrase, its language is susceptible to more than one reasonable interpretation. *Id.* If a will is ambiguous, extrinsic evidence can be used to clarify the ambiguity. *Id.*

[¶ 9] Evelyn's will initially described "my family" and referred to Clifford as "our son." We have said precatory language of a will cannot destroy an absolute and unconditional devise of property. *Matter of Estate of Zimbleman,* 539 N.W.2d 67, 71, 72 (N.D.1995). Precatory language, however, is useful for determining a decedent's intent. *Bartz v. Heringer,* 322 N.W.2d 243, 245 (N.D.1982). Here, the description of Evelyn's family in her will is more than a precatory phrase. That specification describes Clifford as "our son" and, when read in conjunction with the subsequent definition of issue to give effect to each word and phrase, manifests Evelyn's intent to treat Clifford as her "son" and therefore her "issue." Construing the phrase designating Clifford as "our son" as "incorrect" and "ambiguous" ignores a basic rule of construction that each word and phrase of a will is given effect, if possible. Simply because Evelyn's will could have been worded differently does not justify ignoring her specific description of Clifford as "our son." We decline to construe Evelyn's will to disregard that designation. Instead, we harmonize Evelyn's designation of Clifford as "our son" and the definition of "issue" to express her intent to treat Clifford

as her "son" and her "issue" for purposes of disposition of her estate.

[¶ 10] Our interpretation is supported by the surrounding circumstance that Evelyn and Joseph executed reciprocal wills. A court may consider the surrounding circumstances in construing a will. *Brown,* 1997 ND 11, ¶ 15, 559 N.W.2d 818. Under their reciprocal wills, if Evelyn had died before Joseph, the petitioners would have qualified as devisees of Joseph's estate because Clifford was Joseph's "issue." We are not persuaded Evelyn intended the order of survivorship for her and Joseph to control the ultimate disposition of her estate.

[¶ 11] We construe Evelyn's will to define Clifford as Evelyn's son and to treat him as her issue for the purpose of disposing of her estate. The petitioners are Clifford's issue, and we hold they are devisees under Evelyn's will.

[¶ 12] We reverse and remand for proceedings consistent with that interpretation.

[¶ 13] VANDE WALLE, C.J., NEUMANN and SANDSTROM, JJ., and RALPH J. ERICKSTAD, Surrogate Judge, concur.

[¶ 14] RALPH J. ERICKSTAD, Surrogate Judge, sitting in place of MESCHKE, J., disqualified.