1999 ND 121

### In the Matter of the ESTATE OF Emmanuel LUTZ, Deceased.

**Lavilla Oswald Lutz, Appellant,**

v.

**Ingrid L. Schneider, and Edward J. Lutz, Co–Personal Representatives of the Estate of Emmanuel Lutz, Appellees.**

No. 980390.

Supreme Court of North Dakota.

June 29, 1999.

Gregory C. Larson (argued) and Melissa A. Hauer (appearance), Wheeler Wolf, Bismarck, for appellant.

James S. Hill (argued) and Rebecca S. Thiem (appearance), Zuger Kirmis & Smith, Bismarck, for appellees.

SANDSTROM, Justice.

[¶ 1] This is an appeal by Lavilla Lutz following our remand for trial of disputed issues in *Matter of Estate of Lutz*, 1997 ND 82, 563 N.W.2d 90. The trial court ruled in favor of the personal representatives, but left remaining for further hearing and decision "what is necessary in the way of supplemental income to Lavilla from the estate in order to avoid [an] unconscionable result," and granted Lavilla Lutz's request for a N.D.R.Civ.P. 54(b) certification for immediate appeal. On *sua sponte* review, we conclude the trial court abused its discretion and improvidently granted the Rule 54(b) certification.

[¶ 2] The unadjudicated issue is intertwined with the adjudicated issues. *See Matter of Estate of Zimmerman*, 1997 ND 58, ¶ 7, 561 N.W.2d 642. The "unconscionable result" sought to be avoided by the trial court in the future hearing is Lavilla Lutz's receipt of public assistance benefits. In this appeal, Lavilla Lutz argues the trial court erred in choosing to invoke N.D.C.C. § 14–03.1–06(2) to require the estate to provide support sufficient to keep her off public assistance rather than using N.D.C.C. § 14–03.1–07 to refuse to enforce the premarital agreement in total. Be-

cause the trial court has not yet held a hearing to determine the final remedy and the value of the property and amount of support Lavilla Lutz will receive, it is difficult to fully consider whether the trial court erred in choosing to invoke N.D.C.C. § 14–03.1–06(2). The issue of unconscionability is also intertwined with unadjudicated factual findings about the relative property values and Lavilla Lutz's financial circumstances and ongoing needs.

[¶ 3] Moreover, our decision on the merits may not moot the possibility of further proceedings in the trial court followed by yet another appeal. *See Gessner v. City of Minot*, 529 N.W.2d 868, 870 (N.D.1995). Rule 54(b) certification is not appropriate merely because further proceedings in the trial court will be mooted if one side prevails in the appeal. *See, e.g., Peterson v. Zerr*, 443 N.W.2d 293, 298 (N.D.1989). In this case, there are no unusual or compelling circumstances for certification either delineated by the trial court or apparent from the record. *See Sickler v. Kirkwood*, 1997 ND 40, ¶ 7, 560 N.W.2d 532.

[¶ 4] The appeal is dismissed.

[¶ 5] NEUMANN, Acting C.J., KAPSNER, J. and ZANE ANDERSON, D.J., concur.

[¶ 6] ZANE ANDERSON, D.J., and GERALD G. GLASER, S.J., sitting in place of VANDE WALLE, C.J., and MARING, J., disqualified.

GERALD G. GLASER, Surrogate Judge, dissenting.

[¶ 7] I don't believe it necessary to invoke Rule 54(b) in this case.

[¶ 8] The trial court addressed and decided all the issues. In doing so, a subissue was created. It came into existence because Judge Riskedahl erroneously invoked § 14–03.1–06, N.D.C.C., in determining that the premarital agreement, while not unconscionable when it was executed, was unconscionable *in result* be-

cause the surviving widow would be entitled to some public assistance unless the court required the personal representative of a decedent's estate to provide sufficient assistance to avoid such eligibility.

[¶ 9] The statute relied on by the trial court does contain an unconscionability component but subsection 1(b) specifies it must exist at the time the premarital agreement is signed. Unconscionability cannot exist or cease to exist or, like a phoenix, rise again as time and circumstances change. The trial court found no unconscionability involved in the agreement when it was executed and specifically found to the contrary.

[¶ 10] Subsection 2 does not address unconscionability at all. It addresses spousal support. It specifies that a premarital agreement is not enforceable against a spouse if it modifies or eliminates a spousal support obligation which would otherwise make the spouse ineligible for public assistance at the time of separation or dissolution of the marriage. A deceased spouse cannot, by definition, have a spousal support obligation.

[¶ 11] In addition, even if subsections 1 and 2 were otherwise applicable, neither would support a finding of unconscionability because a spouse or widow, as the case may be, is in the same monetary position regardless of whether the support came from the estate of the deceased spouse or from the public treasury.

[¶ 12] It perhaps should also be noted that § 30.1–05–07(2)(a), N.D.C.C., does have a provision similar to subsection 2 of 14–03.1–06 which applies in the case of widows, but this provision did not exist at the time the documents in this case were signed and when Mr. Lutz died. It was added at a later session of the Legislature at the request of Blaine Nordwall, Counsel for the Department of Human Services, as an obvious corollary to § 14–03.1–06(2), N.D.C.C.

[¶ 13] Accordingly, I see no purpose for remanding and would proceed with deter-

mination of the other issues raised in the appeal.

[¶ 14] Gerald G. Glaser, S.J.