*2000 ND 24*

**In the Matter of the ESTATE OF Mike L. FLYNN, Deceased.**

**Viola Flynn, Personal Representative of the Estate of Mike L. Flynn, Deceased, Petitioner and Appellee,**

v.

**Eldean Flynn, Respondent and Appellant.**

No. 990200.

Supreme Court of North Dakota.

Feb. 22, 2000.

Fred E. Whisenand, Crowley, Haughey, Hanson, Toole & Dietrich, Williston, N.D., for petitioner and appellee.

Kathleen Key Imes, Imes & Furuseth, P.C., Williston, N.D., for respondent and appellant.

NEUMANN, Justice.

[¶ 1] Eldean Flynn appealed from a judgment construing the will of his father, Mike Flynn. We hold the will unambiguously devised to Viola Flynn all of the interest portion of payments due under a contract for deed We affirm.

[¶ 2] On February 19, 1993, Eldean Flynn entered into a contract for deed with his father and stepmother, Viola Flynn, for the purchase of land owned by Mike Flynn in McKenzie County. The contract for deed stated a purchase price of $401,443.20 and outlined the following payment terms:

$35,000.00 on the 1st day of February, 1994, and a like amount on the 1st day of February of each year thereafter for a total of 20 years when the purchase price is paid in full. Said annual payments include interest of 6% per annum on the unpaid balance amortized over the 20 year period in accordance with the amortization schedule attached hereto.

A twenty-year amortization schedule allocated interest and principal for each $35,000 payment and was attached to the contract for deed. The contract for deed also authorized Eldean Flynn to prepay any or all of the unpaid balance after February 1, 1999.

[¶ 3] Mike Flynn executed a written will, dated June 13, 1994, which devised to Viola Flynn "the interest portion of the payment due on February 1st of each year under the terms of a Contract For Deed dated February 19, 1993 between myself and my son, Eldean M. Flynn," and provided "[t]he principal portion of the payment as determined in the amortization schedule attached to said Contract For Deed shall be distributed as a part of the residue of my estate." Mike Flynn's will devised the residue of his estate to his "three children, Eldean Flynn, Myra Flynn Leibelt, and Melody Flynn Dahle, in equal shares, share and share alike."

[¶ 4] When Mike Flynn died on February 2, 1997, he was survived by Viola Flynn and his three children. The district court admitted Mike Flynn's will to informal probate, and appointed Viola Flynn personal representative of the estate. A dispute arose between Viola Flynn, as personal representative of the estate, and Eldean Flynn concerning the payments due under the contract for deed. Eldean Flynn contended both the interest and principal portions of each payment should be reduced because, when Mike Flynn died in 1997, Eldean Flynn became the owner of an undivided one-third interest in the land and he was not required to pay interest on that undivided one-third share of the land.

[¶ 5] The district court decided the will was unambiguous, and the only reasonable interpretation of the will was that Viola Flynn was entitled to receive all the interest from each payment due under the contract for deed, as set forth in the amortization schedule, as long as the contract for deed remained in effect. The court ruled Eldean Flynn was not entitled to a one-third reduction on the part of his payments allocated to interest under the contract for deed.

[¶ 6] On appeal, Eldean Flynn argues in 1997 he inherited an undivided one-third of Mike Flynn's legal interest in the contract for deed under N.D.C.C. § 30.1–12–01,[1] and that one-third interest merged with his vendee's equitable interest in the contract for deed under the doctrine of legal merger. He alternatively argues his interests merged under the doctrine of equitable merger, because Mike Flynn's will differentiated between the interest and principal portion of the payments due under the contract for deed, and the contract for deed also permitted Eldean Flynn to prepay the principal after February 1, 1999. Eldean Flynn argues the district court erred in ruling he was required to pay Viola Flynn interest on what became his undivided one-third share of the land.

[¶ 7] A court's primary objective in construing a will is to ascertain the testator's intent, if that intent is not contrary to law. *Matter of Estate of Peterson,* 1997 ND 48, ¶ 14, 561 N.W.2d 618. The testator's intent, as expressed in his will, controls the legal effect of his dispositions. *Id.* If the language of a will is clear and unambiguous, the testator's intent must be determined from the language of the will itself. *Matter of Estate of Neshem,* 1998 ND 57, ¶ 7, 574 N.W.2d 883. Whether a will is ambiguous is a question

of law for the court to decide. *Id.* at ¶ 8. A will is ambiguous if, after giving effect to each word and phrase, its language is susceptible to more than one reasonable interpretation. *Id.* If a will is ambiguous, extrinsic evidence can be used to clarify the ambiguity. *Id.*

[¶ 8] The district court decided Mike Flynn's will clearly and unambiguously devised the principal and interest portions of the payments due under the contract for deed, and concluded the only reasonable construction of the language devising to Viola Flynn the "interest portion of the payment due on February 1st of each year under the terms of [the c]ontract [f]or [d]eed" was that Viola was to receive the entire interest portion of each payment under the amortization schedule. The court concluded Viola Flynn was entitled to all of the interest from each payment under the contract for deed, subject to the prepayment option. The court rejected Eldean Flynn's argument N.D.C.C. § 30.1–12–01 required a different result.

[¶ 9] Mike Flynn's will unambiguously evidences his intent to split his legal right[2] to the payments due under the contract for deed into two parts, principal and interest. The will plainly split Mike Flynn's legal right to payments under the contract for deed, devising his right to the interest to Viola Flynn and his right to the principal to the three residuary devisees. Eldean Flynn has cited no authority to preclude Mike Flynn from splitting his legal right to payments due under the contract for deed into two parts and devising the interest portion to Viola Flynn. *See Peterson,* 1997 ND 48, ¶¶ 11–16, 561 N.W.2d 618 (concluding trial court effectuated testator's intent of equal distribution by ordering distribution according to

1. Section 30.1–12–01, N.D.C.C., provides, in part: "Upon the death of a person, the decedent's real and personal property devolves to the persons to whom it is devised by the decedent's last will."

2. Under the doctrine of equitable conversion, once parties have executed a binding contract for the sale of land, equitable title vests in the purchaser and the vendor holds the legal title as security for payment of the purchase price. *United Bank v. Trout,* 480 N.W.2d 742, 748 (N.D.1992).

P.O.D. designations and appropriate unequal distribution of rest of estate). We construe the plain and unambiguous language of Mike Flynn's will to devise to Viola Flynn all of the interest portion on the unpaid balance for each payment due under the contract for deed so long as the contract for deed remained in effect.[3]

 [¶ 10] We reject Eldean Flynn's argument that the doctrines of legal or equitable merger permit him to pay only two-thirds of the interest due under the contract for deed. A merger occurs when a greater and a lesser estate meet in the same person, and the lesser estate is said to merge into the greater estate. *See Rouse v. Zimmerman*, 55 N.D. 94, 96, 212 N.W. 515, 516 (1927). *See generally* 31 C.J.S. *Estates* § 129(b) (1996); 28 Am. Jur.2d *Estates* § 374 (1966); E.H. Schopflocher, Annotation, *Merger of Estate for Years in Fee or Lesser Estate*, 143 A.L.R. 93, 94 (1943). Under the inflexible common law rule, a merger at law occurred when a greater and lesser estate met in the same person, in one and the same right, without any intermediate estate. *See Ingstad v. Farmers' State Bank*, 61 N.D. 194, 198–99, 237 N.W. 704, 706 (1931). *See generally* 31 C.J.S. *Estates*, at § 130; 28 Am.Jur.2d *Estates*, at § 375; Annot., 143 A.L.R. at pp. 95–96. The doctrine of legal merger is virtually extinct in the United States, and equitable principles are generally applied to merger claims. *See* 31 C.J.S. *Estates*, at § 130; 28 Am.Jur.2d *Estates*, at § 375; Annot., 14 Wash.2d 276, 128 P.2d 289, 143 A.L.R. at p. 96.

 [¶ 11] Under modern law, issues of merger are resolved by the parties' intent and the interests of substantial justice. *See* 31 C.J.S. *Estates*, at § 130; 28 Am.Jur.2d *Estates*, at § 375; Annot., 143 A.L.R. at pp. 95–96. The doctrine of equitable merger depends on the intent of the parties and substantial justice. *See Small v. Cunningham*, 120 N.W.2d 13, 14 (N.D. 1963); *Ingstad*, 61 N.D. at 199, 237 N.W. at 706; *Rouse*, 55 N.D. at 96–97, 212 N.W. at 516. Equity will prevent or permit a merger to best subserve the purposes of justice and the actual and just intent of the parties. *See* 31 C.J.S. *Estates*, at § 130; 28 Am.Jur.2d *Estates*, at § 375; Annot., 143 A.L.R. at pp. 95–96. Other courts have refused to apply merger to defeat the intent of a testator or testatrix. *See Sherlock v. Thompson*, 167 Iowa 1, 148 N.W. 1035, 1039 (1914); *In re Hamburger's Will*, 185 Wis. 270, 201 N.W. 267, 271 (Wis.1924).

 [¶ 12] Here, the plain language of Mike Flynn's will evidences his intent to devise to Viola Flynn all of the interest portion of each payment due under the contract for deed as long as the contract for deed remained in effect. The plain language of the will does not evidence an intent to devise to Eldean Flynn any part of the interest payments due under the contract for deed. A substantial injustice would result if merger negated Mike Flynn's intent under the plain and unambiguous language of his will. We, therefore, decline to apply merger doctrines to defeat that plain and unambiguous language.

[¶ 13] We affirm the judgment.

[¶ 14] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER and DALE V. SANDSTROM, JJ., concur.

---

3. Viola Flynn does not dispute Eldean Flynn's right to prepay the contract for deed after February 1, 1999. If Eldean Flynn does not exercise his prepayment option, the interest on the unpaid balance is the amount reflected in the amortization schedule. If Eldean exercises his prepayment option in whole or in part, the contract for deed says his "annual payments include interest of 6% per annum on the unpaid balance."