2010 ND 104

In the Matter of the ESTATE OF
Tony F. EGGL, Deceased.

James K. Eggl, Virginia Dorothea Crotty, Wilhelmina K. Goergen, Scott Eggl, Margaret A. Raddohl, Victoria Steele, Catherine Haus, Mary F. Klinge, Mark S. Eggl, John C. Eggl, Jill Elaine Eggl, and Cynthia J. Eggl, Petitioners and Appellees

v.

DiMarie Bjorge, Respondent
and Appellant

and

Donald Eggl and Janet M. Eggl, individually and as Personal Representatives of the Estate of Tony F. Eggl, Deceased, Sevda Raghib, Dr. Ender Raghib, Aysun Raghib, Dr. Timur Raghib, and Jacqueline Raghib Trail, Respondents.

No. 20100048.

Supreme Court of North Dakota.

June 10, 2010.

J. Thomas Traynor Jr. (argued), Devils Lake, ND, for petitioners and appellees.

Steven E. Smith (argued), Fort Myers, FL and J. Bruce Gibbens (appeared), Cando, ND, for respondent and appellant DiMarie Bjorge.

KAPSNER, Justice.

[¶1]   DiMarie Bjorge appeals from a district court order interpreting Tony Eggl's will.  We hold Tony Eggl's will is not ambiguous and demonstrates Tony Eggl intended for his residuary estate to be distributed per capita among his nieces and nephews.  We affirm the district court order.

I.

[¶2]   Tony Eggl died in January 2009. He was predeceased by all five siblings, four of whom had children.  Tony Eggl had sixteen nieces and nephews, fourteen of whom survived him.  The niece who predeceased Tony Eggl had five children, four of whom survived Tony Eggl. The nephew who predeceased Tony Eggl had no children.  Tony Eggl executed a will, dated August 24, 1995.  In relevant part, Article VIII of the will provides:

> All the rest, residue and remainder of my estate of every kind and character whatsoever, and wheresoever situated, I give, devise and bequeath unto my brothers and sisters, equally share and share alike.  However, if they shall have

predeceased me their share shall be distributed to their children, per capita, but if any of their children have predeceased me his or her share shall go to his or her issue (children) surviving me per stirpes by representation in the absence of said issue said distribution shall go to the other children equally in the same manner.

The parties do not dispute the "brothers and sisters" to whom Tony Eggl referred were the four siblings who had children. When Tony Eggl executed the will, two of these four siblings had already died. Tony Eggl also executed a codicil, dated August 7, 2007, when all four siblings had died. The codicil did not modify Article VIII.

[¶ 3] Following Tony Eggl's death, Donald Eggl and Janet Eggl, Tony Eggl's nephew and sister-in-law, filed an application for informal probate and appointment as co-personal representatives. The district court approved the application. On February 11, 2009, George Ackre, attorney for Tony Eggl's estate, wrote a letter addressed to the "Heirs." In apparent reference to Article VIII, Ackre stated: "The liquid assets in the estate pass to all nieces and nephews or grandnieces and grandnephews by representation." Shortly thereafter, DiMarie Bjorge, Tony Eggl's niece, requested a legal opinion about Tony Eggl's will from attorney Steven Smith. In July 2009, Smith wrote a letter stating Article VIII demonstrates Tony Eggl intended to divide the remainder of his estate equally among his four siblings, and if a sibling predeceased Tony Eggl, that sibling's one-fourth share should be distributed per capita among that sibling's children. Therefore, because all of Tony Eggl's siblings predeceased him, Smith stated the residuary estate should be divided into four shares, and each sibling's one-fourth share should be distributed per capita among that sibling's children. After re-

viewing Smith's letter, Ackre wrote a second letter in August 2009, stating he was "inclined to follow" Smith's interpretation. In September 2009, twelve of Tony Eggl's surviving nieces and nephews petitioned the district court for an interpretation of his will. Because Tony Eggl's siblings predeceased him, the petitioners argued Article VIII called for his residuary estate to be divided per capita among the nieces and nephews. Bjorge filed an answer to the petition, arguing the district court should interpret the will in accordance with attorney Smith's interpretation.

[¶ 4] The district court held a hearing on the matter in November 2009 and subsequently issued an order largely adopting the petitioners' arguments. The district court found Article VIII "is not susceptible to more than one reasonable interpretation." The district court noted Tony Eggl used the plural "they" and "their" when discussing his siblings' shares, but "his or her" when discussing nieces and nephews' shares. The district court concluded Tony Eggl meant "their share" to refer to his siblings' collective share, which is the entire residuary estate, and "their children" to refer to all of his siblings' children. Therefore, the district court found "the plain language of the will suggests an intent to have division done equitably to [Tony Eggl's] nieces and nephews, divided by the number of takers in that generation." The district court stated its interpretation is "consistent with the definition of 'per capita' distribution that [Tony Eggl] instructs this generation [nieces and nephews] to take at as well." Bjorge now appeals the district court order interpreting Tony Eggl's will.

## II.

[¶ 5] On appeal, Bjorge argues the district court erred in its interpretation of

Tony Eggl's will. However, as a preliminary matter, the petitioners argue the district court order interpreting the will is not appealable.

### A.

[¶ 6] Section 28–27–02, N.D.C.C., provides which orders may be appealed to this Court, including:

1. An order affecting a substantial right made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken;

. . . .

5. An order which involves the merits of an action or some part thereof;

. . . .

If an appeal is taken from an order which is not appealable under N.D.C.C. § 28–27–02, this Court shall dismiss the appeal. *See, e.g., Estate of Zimmerman*, 1997 ND 58, ¶¶ 8–9, 561 N.W.2d 642.

[¶ 7] As we explained in *Estate of Stensland*, 1998 ND 37, ¶ 14, 574 N.W.2d 203 (footnote omitted):

An unsupervised probate, governed by NDCC ch. 30.1–14, is called informal and "each proceeding before the court is independent of any other proceeding involving the same estate." NDCC [§] 30.1–12–07. Sometimes, an order in an unsupervised probate can be appealable without a N.D.R.Civ.P. 54(b) certification, unless the order decides some, but not all, of one person's disputes in an estate. *Zimmerman*, 1997 ND 58, ¶ 5, 561 N.W.2d 642 (citing *Matter of Estate of Zimbleman*, 539 N.W.2d 67, 70 (N.D. 1995)). As explained in [*Estate of Stuckle*, 427 N.W.2d 96, 103 (N.D.1988) ] (Meschke, J., concurring), however, when interrelated claims remain to be resolved in an unsupervised probate, the order or judgment is not final for review.

"Thus, in an unsupervised probate, an order settling all claims of one claimant is final, even if there are pending claims by other claimants." *Schmidt v. Schmidt*, 540 N.W.2d 605, 607 (N.D.1995).

[¶ 8] The petitioners argue the district court's order interpreting Tony Eggl's will is not appealable because, although the district court determined the general distribution of the residuary estate, questions about its actual distribution could still arise. The petitioners note the co-personal representatives of Tony Eggl's estate have not yet filed or mailed an inventory and appraisal for the estate, as required by N.D.C.C. § 30.1–18–06. As Tony Eggl's residuary estate might include tangible property, which often cannot be evenly divided among several persons, petitioners argue disputes may still arise among the residual beneficiaries. Due to the potential for these disputes to lead to additional claims, petitioners argue the district court's order is not final or appealable under N.D.C.C. § 28–27–02.

[¶ 9] We disagree. The district court's order settled all of the petitioners' existing claims, and the record does not indicate any other claims regarding Tony Eggl's residuary estate. In addition, by finding Tony Eggl intended for the residuary estate be distributed per capita among his nieces and nephews, the district court order affects the substantial rights of the claimants and in effect determines the action with regard to all parties. The petitioners' speculation regarding future claims does not diminish the effect or appealability of the district court order. Therefore, we hold the order is appealable under N.D.C.C. § 28–27–02(1).

### B.

[¶ 10] Bjorge argues the district court erred in its interpretation of

Tony Eggl's will. As this Court explained in *Estate of Flynn*, 2000 ND 24, ¶ 7, 606 N.W.2d 104:

> A court's primary objective in construing a will is to ascertain the testator's intent, if that intent is not contrary to law. *Matter of Estate of Peterson*, 1997 ND 48, ¶ 14, 561 N.W.2d 618. The testator's intent, as expressed in his will, controls the legal effect of his dispositions. *Id.* If the language of a will is clear and unambiguous, the testator's intent must be determined from the language of the will itself. *Matter of Estate of Neshem*, 1998 ND 57, ¶ 7, 574 N.W.2d 883. Whether a will is ambiguous is a question of law for the court to decide. *Id.* at ¶ 8. A will is ambiguous if, after giving effect to each word and phrase, its language is susceptible to more than one reasonable interpretation. *Id.* If a will is ambiguous, extrinsic evidence can be used to clarify the ambiguity. *Id.*

"This Court reviews questions of law de novo...." *Schlosser v. N.D. Dep't of Transp.*, 2009 ND 173, ¶ 7, 775 N.W.2d 695. Therefore, we determine de novo whether Tony Eggl's will is ambiguous.

[¶ 11] We hold Tony Eggl's will is unambiguous regarding the distribution of his residuary estate under the circumstances at the time of his death. Article VIII of Tony Eggl's will provides:

> All the rest, residue and remainder of my estate of every kind and character whatsoever, and wheresoever situated, I give, devise and bequeath unto my brothers and sisters, equally share and share alike. However, if they shall have predeceased me their share shall be distributed to their children, per capita....

The "brothers and sisters" to whom Tony Eggl referred predeceased him, in which case "their share shall be distributed to their children, per capita...." Tony Eggl's

use of the term "per capita" indicates that, if his siblings predeceased him, he intended for his nieces and nephews to equally share his residuary estate. *See* 80 Am. Jur. 2d *Wills* § 1237 (2010) ("In a 'per capita' distribution, the persons designated share equally...."); 4 William J. Bowe & Douglas H. Parker, *Page on the Law of Wills* § 36.6 (2004) ("A distribution per capita is an equal division of the property to be divided among the beneficiaries, each receiving the same share as each of the others, without reference to the intermediate course of descent from the ancestor."). *See also* N.D.C.C. § 30.1–09.1–09(2) ("If a governing instrument calls for property to be distributed 'per capita at each generation', the property is divided into as many equal shares as there are surviving descendants in the generation nearest to the designated ancestor which contains one or more surviving descendants and deceased descendants in the same generation who left surviving descendants, if any."). Therefore, the district court correctly concluded "the plain language of the will suggests an intent to have division done equitably to [Tony Eggl's] nieces and nephews, divided by the number of takers in that generation."

[¶ 12] We reject Bjorge's argument that this interpretation ignores the first sentence of Article VIII, which provides: "All the rest, residue and remainder of my estate ... I give, devise and bequeath unto my brothers and sisters, equally share and share alike." Bjorge claims the first sentence indicates Tony Eggl intended for his residuary estate to be initially divided into four equal shares, with each sibling's one-fourth share distributed per capita among that sibling's children. The second sentence of Article VIII clearly qualifies the application of the first sentence. The second sentence provides: "However, if [my brothers and sisters] shall have prede-

ceased me their share shall be distributed to their children, per capita. . . ." Thus, our interpretation recognizes Tony Eggl limited the application of the first sentence by the second, and he provided for a different method of distribution depending upon whether any of his siblings survived him. Because Tony Eggl's siblings did not survive him, the second sentence controls and his entire residuary estate should be distributed per capita among his nieces and nephews, with the share of Tony Eggl's deceased niece being distributed per stirpes among her issue. We affirm the district court order.

### III.

[¶ 13] We hold Tony Eggl's will is not ambiguous and demonstrates Tony Eggl intended for his residuary estate to be distributed per capita among his nieces and nephews. We affirm the district court order interpreting Tony Eggl's will.

[¶ 14] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.