2012 ND 45

**In the Matter of the ESTATE OF Eugene R. CAMAS, Deceased.**

**Sherry Jensen f/k/a Sherry Nesemeier, Petitioner and Appellant,**

v.

**Kevin Camas, Individually and as Personal Representative of the Estate of Eugene R. Camas, Deceased, Respondent and Appellee.**

**No. 20110217.**

Supreme Court of North Dakota.

Feb. 28, 2012.

Jade M. Rosenfeldt (argued), Susan E. Johnson–Drenth (on brief), Moorhead, MN, for petitioner and appellant.

Sara K. Sorenson, West Fargo, ND, for respondent and appellee.

VANDEWALLE, Chief Justice.

[¶ 1] Sherry Jensen, formerly known as Sherry Nesemeier, appealed from a district court order denying her motion to construe the phrase "personal property" in Eugene Camas's will to include tangible and intangible property located in his residence, and denying her motion for formal probate with supervised administration. We affirm.

I.

[¶ 2] Eugene Camas, Jensen's father, died on March 23, 2011. Kevin Ca-

mas, Eugene Camas's son and Jensen's brother, submitted Eugene Camas's will, filed an application for informal probate, and petitioned for appointment as personal representative under the will. The will contains two provisions that are the subject of this appeal:

> I hereby leave an undivided one-half (½) interest in and to the personal property located in my personal residence which I own at the time of my death to my daughter, SHERRY NESEMEIER.
>
> . . . .
>
> I give all of the rest, residue and remainder of my property and estate of every kind and character whatsoever, and wheresoever situated to my son, KEVIN CAMAS.

Jensen moved for formal probate with supervised administration, alleging it was necessary to protect her interests because Kevin Camas intended to distribute only nominal items of tangible personal property to her. Jensen also moved for an order construing the phrase "personal property" in the bequest to her to include tangible and intangible property located in Eugene Camas's home. The district court denied both motions, finding the language of Eugene Camas's will unambiguously limited "personal property" to tangible personal property physically located within the residence. The district court determined the will's residuary clause demonstrated Eugene Camas's intent to bequeath all other types of property to Kevin Camas. The court also found formal or supervised administration of the estate was unnecessary.

[¶ 3] Informal probate proceedings are unsupervised and therefore "each proceeding before the court is independent of any other proceeding involving the same estate." N.D.C.C. § 30.1–12–07. Orders in an unsupervised probate are appealable "unless they determine some, but not all, of one creditor's claims against an estate."

*Estate of Zimmerman,* 1997 ND 58, ¶ 5, 561 N.W.2d 642 (quoting *Estate of Zimbleman,* 539 N.W.2d 67, 70 (N.D.1995)). As asserted by both parties, the district court order here is appealable because the probate procedures were informal, and the order resolves all of Jensen's claims against Eugene Camas's estate.

## II.

[¶ 4] Courts must construe a will to find the testator's intent from full consideration of the will in light of surrounding circumstances. *Estate of Brown,* 1997 ND 11, ¶ 15, 559 N.W.2d 818, citing *Estate of Johnson,* 501 N.W.2d 342, 345 (N.D.1993). If the language of the will is clear and unambiguous, the testator's intent must be determined from the will itself, not from extrinsic evidence. *Estate of Neshem,* 1998 ND 57, ¶ 7, 574 N.W.2d 883. If possible, the court must harmonize all parts of the will so every word and phrase is given effect. *Id.* "Every word and phrase is presumed to have meaning, and no word or phrase that reasonably can be given effect should be disregarded." *Id.* Neither Jensen nor Kevin Camas argue Eugene Camas's will is ambiguous, but argue the will must be construed in their favor. "We decide for ourselves the construction of an unambiguous will." *Estate of Zimbleman,* 539 N.W.2d 67, 70 (N.D.1995).

## A.

[¶ 5] Jensen argues the district court erred as a matter of law in denying her motion to construe "personal property" in the will to include intangible property. She asserts the phrase "personal property" must be construed according to its technical meaning under North Dakota statutory law, and, when so construed, the bequest to her includes both tangible and intangible property.

[¶ 6] Jensen also cites to N.D.C.C. § 47–01–07, which provides: "Personal property shall mean and include every kind of property that is not real." When applying this technical meaning to the will bequest, she claims she is entitled to both tangible and intangible property located in Eugene Camas's residence. Another definition of "personal property" is found at N.D.C.C. § 1–01–49(9): " 'Personal property' includes money, goods, chattels, things in action, and evidences of debt." Section 1–01–49, N.D.C.C., prefaces the definitions therein by stating, "*As used in this code*, unless the context otherwise requires[.]" (Emphasis added). Such language suggests that the definitions included in the code apply to terms used within the code and do not necessarily apply to terms used in a will.

[¶ 7] Jensen cites to *Estate of Brown* to support her argument that "personal property" should be construed in its technical sense. In that case, the testatrix's will bequeathed a group gift of "the amount of monies my estate may claim under the Unified Credit of Section 2010 of the Internal Revenue Code." *Estate of Brown*, 1997 ND 11, ¶ 4, 559 N.W.2d 818. This Court stated, "[t]echnical words used in a will should be construed according to their technical meaning by reference to their technical context, unless a contrary intention is plainly expressed in the will." *Id.* at ¶ 17. We construed the provision in a technical sense because the bequest required reference to the Internal Revenue Code, which contains clearly technical regulations. *Id. Brown* is thus distinguishable from the instant case because the Internal Revenue Code can only be construed in a technical context, while the phrase "personal property" has a popular meaning, and Eugene Camas's will did not cite to the statutory technical meaning.

[¶ 8] Kevin Camas argues the popular meaning of "personal property," goods, chattels, and tangible things, should be applied in interpreting Eugene Camas's will. *See Estate of Thompson*, 511 N.W.2d 374, 377 (Iowa 1994).

Technical words used in a will should be construed according to their technical meaning, unless it appears from the will that they were used in a different sense. However, strict adherence to the technical meaning of words and phrases must give way, if inconsistent with the testator's intent as shown by the will as a whole. A will should be so construed as to conform to the testator's intention as disclosed therein, rather than to defeat that intention by strict adherence to the technical meaning of particular words. Thus, while technical words used in a will are presumed to have been used in their technical sense, they will be given a different meaning where it is clear that the testator intended that they should be; they will be read in a lay sense where clearly so intended by the testator.

80 Am.Jur.2d *Wills* § 1022 (2002). These principles are consistent with one of our statutory rules applicable to wills: "The intention of a testator as expressed in the testator's will controls the legal effect of the testator's dispositions." N.D.C.C. § 30.1–09–03.

[¶ 9] From the unambiguous language of the will, it is clear Eugene Camas intended the popular meaning of "personal property" to apply to the bequest to Jensen. Eugene Camas limited the bequest to Jensen to one-half of his personal property "located in my personal residence[.]" By including this qualifying language, Eugene Camas demonstrated his intent to only include personal property that was physically located within his home. Intangible property "lacks a physical existence."

*Black's Law Dictionary* 1336 (9th ed.2009). Because intangible property cannot be "located" within a home, Jensen is entitled to a one-half interest in the tangible personal property located in Eugene Camas's residence. Courts in other jurisdictions have noted language describing the location of personal property indicates the property is limited to tangible personal property. *See Turner v. Reed,* 258 Va. 406, 518 S.E.2d 832, 833–34 (1999) (determining a bequest of "all of the furniture and personal property located in and about [the] residence" included only tangible property); *Emmert v. Hearn,* 309 Md. 19, 522 A.2d 377, 381 (1987) (noting words limiting the location of property suggest such property is tangible); *Estate of Lesher,* 365 So.2d 815, 818–19 (Fla.Dist.Ct.App.1979) (holding a bequest of personal property "physically situated within the boundaries of the State of Pennsylvania" was limited to tangible property located within the state); *McLane v. Chancey,* 211 Ark. 280, 200 S.W.2d 782, 783, 785–86 (1947) (noting proceeds of an insurance policy found in the home did not pass under bequest of "my home place together with all the personal property therein" because "[a] gift of the contents of a house will seldom if ever pass choses in action evidenced by notes, bonds, or other securities found there[,]" and such items are "evidence of title to things out of the house and not things in it").

[¶ 10] Jensen asserts the district court erred in considering the definition of "intangible property" when construing the bequest to her because the will did not specifically use the phrase "intangible property." As discussed previously, the will's limiting phrase "located in my personal residence" requires analysis of the property capable of being located in Eugene Camas's residence, and also requires a reference to the definition of intangible property. The district court did not err in considering the definition of "intangible property."

[¶ 11] Jensen also argues the district court erred in relying on the residuary clause to conclude the bequest to Jensen was limited to a one-half interest in the personal property found in Eugene Camas's residence. When interpreting a will, the court must, if possible, harmonize all parts of the will so every word and phrase is given effect. *Neshem,* 1998 ND 57, ¶ 7, 574 N.W.2d 883. The bequest to Jensen disposed of only one-half of Eugene Camas's personal property located in his home. Therefore, the district court had to look to the other provisions of the will to determine the proper distribution of the estate. The will's residuary clause gave "the rest, residue and remainder of my property and estate of every kind and character whatsoever, and wheresoever situated" to Kevin Camas. The district court noted the residuary clause did not contain a qualifying phrase to describe property as the bequest to Jensen did. When construing the bequest to Jensen and the residuary clause together, the district court determined Eugene Camas intended to leave all of his property of every kind to Kevin Camas, except for the one-half interest in the tangible personal property located in his residence, which was left to Jensen. Because the bequest and the residuary clause can each reasonably be given effect, the district court did not err in considering both phrases to interpret the will. *See id.*

### B.

[¶ 12] Jensen also argues the district court erred as a matter of law in denying her motion for formal probate and supervised administration. As conceded by Jensen at oral argument, our resolution of the meaning of "personal property" in favor of

Kevin Camas renders supervised administration unnecessary.

### III.

[¶ 13]   We affirm the district court order.

[¶ 14]   H. PATRICK WEIR, D.J., DALE V. SANDSTROM, DANIEL J. CROTHERS and MARY MUEHLEN MARING, JJ., concur.

[¶ 15]   The Honorable H. PATRICK WEIR, D.J., sitting in place of KAPSNER, J., disqualified.